FARMERS DEP. N. BANK v. PENN BANK, FOR USE.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLE-
GHENY COUNTY.

Argued October 29, 1888—Decided January 7, 1889.

1. A bank obtaining commercial paper as indorsee, whether for collection
   or as owner, before an assignment by the maker for the benefit of credi-
   tors, may set off the amount thereof in a suit brought by the assignee to
   recover the maker's balance on deposit.
2. In the absence of any defence made by the maker against the payee of
   the paper, neither the maker nor his assignee has standing to inquire
   whether the defendant bank held the paper for collection or whether it
   had become the owner of it for value.

Before PAXSON, STERRETT, GREEN, WILLIAMS and HAND,
JJ.; GORDON, C. J., and CLARK, J., not sitting.

No. 169 October Term 1888, Sup. Ct.; court below, No. 302
September Term 1884, C. P. No. 1.

On February 11, 1886, a declaration in the common counts
in assumpsit was filed in an action brought on July 4, 1884, by
the Penn Bank, for use of Henry Warner, assignee, against
the Farmers Deposit National Bank, to recover the sum of
$23,218.59, with interest from May 28, 1884. The defendant
pleaded, non assumpsit, payment, set-off, and payment with
leave.

At the trial on April 18, 1888, the plaintiff put in evidence
the account of the Penn Bank with the Farmers D. N. Bank,
as contained in a pass book issued by the latter bank, the ac-
count showing a balance due the Penn Bank, as of May 28,
1884, of $23,218.59; also deed of assignment for the benefit
of creditors from the Penn Bank to Henry Warner, dated and
recorded May 28, 1884. The plaintiff then rested.

The defendant, under objection by the plaintiff and excep-
tion, then put in evidence as exhibit No. 2, a "cashier's check"
of the Penn Bank, dated May 17, 1884, to the order of Charles
Siebert, treasurer, for $88,000, and proved, also under objection
and exception, that Charles Siebert was the treasurer of the

Germania Savings Bank; that on May 24, 1884, the check, properly indorsed, had been deposited with the Farmers D. N. Bank by Charles Meyran, president of the Germania S. Bank, and credit entered for the amount thereof as cash upon a pass book then given to the depositing bank.

In its rebuttal, the plaintiff called T. H. Given, cashier of the defendant bank, who testified that the check referred to was deposited about 11 A. M. on May 24, 1884, and at the time it had a certificate of protest attached to it; that Mr. Meyran was informed that the Penn Bank had gotten their checks for that day and that this one would not be presented till Monday; that Mr. Meyran said, that was all right; that the defendant bank was then the clearing house agent of the Penn Bank, and the clearings for that day had gone through; that May 24th was Saturday and the defendant held the check till Monday the 26th, when the Penn Bank closed its doors finally and refused payment of the checks upon it; that on the afternoon of that day the Germania S. Bank was notified of the non-payment of the cashier's check, and requested to take it up, which was refused, and the check was then duly protested for non-payment and charged back to the account of the depositing bank; that on the morning of May 26th, the Germania S. Bank drew a check upon the defendant for $2,447.50 which was paid, and a deposit was afterward brought in which made it good. The witness testified also that the cashier's check was taken "as we would take any other deposit," reserving the right, however, to charge it back if it was not paid; that when a check was deposited for collection merely, "it is entered in the back of the book, or entered short, to be carried out, extended, when it is paid."

The court, STOWE, P. J., charged the jury and answered the points presented as follows:

[The evidence, as I understand it—of course, in saying that, I do not intend to take the testimony from you, because where a case is submitted to a jury at all, they have a right to pass upon the facts and the credibility of the witnesses—upon the part of the plaintiff, given by Mr. Given and contained in plaintiff's second proposition, which I will read presently, would, if you find it to be true, preclude the defendant from

setting up this amount that they seek to, by way of a set-off against the Penn Bank, and make it your duty to find a verdict for the amount that it is shown the Penn Bank has credit for on the books of the Farmers Deposit National Bank, with interest to the present time.] [1]

The court is requested to charge the jury in behalf of the plaintiff:

1. That, under all the evidence in the case, the verdict of the jury should be for the plaintiff for the amount of the deposit in the hands of defendant, with interest.

Answer: Refused.

If the court should refuse to charge as above requested, then to charge the jury as follows:

2. If the jury believe that the check of $88,000, exhibit No. 2, in this case, was taken by the defendant from the Germania Savings Bank, and the amount thereof credited in the account of the latter bank, on condition that in case of non-payment it should be returned to the Germania Savings Bank and the credit canceled, and that said check was not paid, and the defendant notified the Germania Savings Bank of such non-payment, and tendered the check back to the latter bank, and charged back the amount of said check to said Germania Savings Bank's account, as shown by the book of the defendant in evidence, then said check cannot be set off in this action, and the verdict should be for the plaintiff for the amount of his claim, with interest.

Answer: Affirmed.[7]

Defendant's counsel ask the court to charge the jury as follows:

1. That, under all the evidence in the case, the Farmers Deposit National Bank has the right to set off the check, exhibit No. 2, in this action.

Answer: Refused.[8]

2. That, under all the evidence in the case, the Farmers Deposit National Bank, as the holder of the check, exhibit No. 2, has the right to set off the same in this action.

Answer: Refused.[9]

3. That, if the jury find from the evidence in the case that the Farmers Deposit National Bank, on May 24, 1884, received the check, exhibit No. 2, from the Germania Savings Bank, as

Charge of Court below.

cash, and credited the same to the said Germania Savings Bank on its books as cash, and delivered to the said Germania Savings Bank a pass book in which the same was credited as cash, and the said Germania Savings Bank accepted said pass book and checked against the said deposit as cash, the said Farmers Deposit National Bank has the right to set the same off in this action, even though it has a remedy over against the Germania Savings Bank in case the check is not paid by the said Penn Bank.

Answer : Refused.[10]

4. That the fact that the said Farmers Deposit National Bank subsequently charged said check back to the account of the said Germania Savings Bank will not deprive it of the right to set it off in this case, if the jury find that the same was done without the consent of the Germania Savings Bank, and the said Germania Savings Bank refused to accept said check or to approve of the action of the Farmers Deposit National Bank in so doing.

Answer : Refused.[11]

The plaintiff's second proposition comprehends all the questions of fact that seem to be involved in this case for you to determine. You will recollect that the teller's check was the property of the Germania Savings Bank ; that it was taken to the Farmers Deposit Bank, and there received, and a cash credit for $88,000 given, just as if the Germania Savings Bank had deposited that amount of money. If it had deposited cash it would have had a right to call on the Farmers Deposit Bank to respond to that amount, and so with this check, apparently, until something else occurred, and, if there were nothing else in the case, the Farmers Deposit Bank would be responsible for that amount of money to the Germania Savings Bank. But the check was not to be presented until Monday morning. It was deposited with the Farmers Deposit Bank on Saturday, and on Monday morning the final crash of the Penn Bank came and the check was not paid. The Farmers Deposit Bank, then, not receiving the money as it ought to have received it from the Penn Bank, or would have received it if that bank had not failed, stood in this position : [It had given the Germania Savings Bank credit for this money ; it had this worthless check in its hands, and it immediately, or

Charge of Court below.

shortly afterwards, notified the Germania Savings Bank that the check had not been paid, and charged back the amount that credit had been given for, notified the Germania Savings Bank of the fact, and then and there ceased, as I understand it, to have any further interest in the matter.] [2] [So far as the Farmers Deposit Bank was concerned, the money that it had given the Germania Savings Bank credit for had been recaptured, as it were, taken from the credit of the bank, and, of course, there could be no claim by the Germania Savings Bank for that, for they were the indorser, and they would have been liable, if there had been no indorsement, for any money paid for their use without sufficient consideration. That is not all, because it appears that the Germania Savings Bank had drawn a check for several thousand dollars. That was charged back, and to-day, so far as that evidence shows, if you believe it, and there is nothing to the contrary, the Farmers Deposit Bank has no interest or title to this check whatever.] [3] [It has by its own act paid everything it had as against the Germania Savings Bank in this transaction, and that being the case it would, in that point of view, have no title to the check, would have apparently, to my mind, no more right to set it up than if entire strangers, although it has possession of the check, and although it appears that the Germania Savings Bank refused to receive it back when tendered.] [4] [The Farmers Deposit Bank holds it in trust for the Germania Savings Bank, which is entitled to it, and if the latter should demand, and the Farmers Deposit Bank should refuse to deliver it, I apprehend it could be recovered, either its value or the check itself, by proper legal action.] [5] [If you find these facts as testified to, and as they are apparently established by the evidence, the defendant has no such interest in this check as would justify it in setting it up as a defence to this action, and nothing which would prevent the jury from giving a verdict for the plaintiff for the entire amount of the claim, with interest.] [6]

The jury returned a verdict in favor of the plaintiff for $28,442.24. Judgment having been entered, the defendant took this writ assigning as error:

1–6. The parts of the charge embraced in [ ] [1 to 6]

7. The answer to the plaintiff's point. [7]

8–11. The answers to the defendant's points.[8 to 11]

*Mr. D. T. Watson* and *Mr. Geo. W. Guthrie* (with them *Mr. Phil. C. Knox*, *Mr. James H. Reed*, *Mr. John M. Kennedy* and *Mr. James C. Doty*), for the plaintiff in error:

1. The instrument which the defendant claimed the right to set off in this action, although in the form of a check, was in legal effect a note of the Penn Bank, payable on demand: Byles on Bills, 89*; Roach v. Ostler, 1 M & R. 120; Miller v. Thompson, 3 M. & G. 567. The effect of the deposit, receipt and credit of the check as cash, by the defendant, was to vest in it the absolute legal and equitable title to the check and make the defendant the debtor to the Germania S. Bank in the sum of $88,000. The relation thus created could not be changed by the act of one of the parties without the consent of the other; if the check was not paid, the remedy of the defendant against the Germania S. Bank was on its indorsement; and the debt could only be discharged by payment in current money, not by a tender of a check; it could only be used as a set-off: Bank v. Kuhns, 62 Pa. 88, 92; Met. N. Bank v. Loyd, 25 Hun 101; Hoffman v. Bank, 46 N. J. (L.) 604; Bolles on Banks and Depositors, §§ 16, 21, 25; Morse on Banks and Banking, 52; German N. Bank v. Farmers' D. N. Bank, 118 Pa. 294.

2. The defendant bank was therefore the owner of the cashier's check, and its title acquired on May 24th cannot be questioned. The Penn Bank was the maker of the check and primarily liable therefor. The defendant bank had not only the right to apply any money in its hands belonging to the Penn Bank to its payment, but it was its duty so to do: Commercial N. Bank v. Henninger, 105 Pa. 496; First N. Bank v. Shreiner, 110 Pa. 188; Morse on Banks and Banking, 47, et seq.; First N. Bank v. Fourth N. Bank, 77 N. Y. 320 (33 Amer. R. 618). But even though the defendant bank held the check in controversy simply for collection, it would have the right to set it off in this action. A bank holding paper for collection has a right to demand and receive payment from the maker, and if not paid, to maintain an action in its own name: Sterling v. Trading Co., 11 S. & R. 179; Ward v. Tyler, 52 Pa. 393; Brown v. Clark, 14 Pa. 479. The assignee,

the use plaintiff, is not a purchaser; he is a mere volunteer: he represents only the assignor, and his rights are only such as the assignor himself had at the date of the assignment: Fulton's Est., 51 Pa. 211; Jordan v. Sharlock, 84 Pa. 368; and if defendant could claim this set-off, in an action by the Penn Bank alone, it could do so in this case: Bank v. Balliet, 8 W. & S. 311; Long v. Insurance Co., 6 Pa. 421; Selfridge v. Bank, 8 W. & S. 320; Wolf v. Beales, 6 S. & R. 244; Solliday v. Bissey, 12 Pa. 347; Irish v. Johnston, 11 Pa. 487; McGowan v. Budlong, 79 Pa. 470.

*Mr. S. A. McClung* and *Mr. A. M. Brown* (with them *Mr. H. A. Miller*), for the defendant in error:

1. Was the defendant bank vested with the absolute legal and equitable right to this check under the circumstances of this case? With the exception of Bank v. Kuhns, 62 Pa. 88, which was upon an entirely different question, it is to be observed that all the cases cited were cases where the depositor attempted to recover the check, or the amount of it, on the ground that it had been deposited merely for collection, and it was decided simply that as to the depositor the transfer was absolute. On the other hand, the courts of England, Boyd v. Emmerson, 2 Ad. & El. 184; Kilsby v. Williams, 5 B. & Ald. 815; of Alabama, National Bank v. Miller, 77 Ala. 173; of Louisiana, Louisiana Ice Co. v. State N. Bank, 1 McGl. 185; of California, National Gold Bank v. McDonald, 51 Cal. 64, all hold that such a deposit and credit is merely for collection by the bank, as the agent of the depositor, and the bank does not own the amount until collection is accomplished, and this even as to the depositor. To the same effect is Balbach v. Frelinghuysen, 15 Fed. R. 675. Text writers also have adopted the theory that checks so deposited are deemed to be taken for collection, in the absence of any special agreement: Daniels Neg. Inst., § 1623; Morse on Banks and Banking, 2d. ed., 320, 3d. ed., § 506; 2 Edwards on Bills and Notes, § 749; Randolph on Commercial Paper, § 1394. Wherefore, the deposit is taken and credit made by the bank conditionally; upon condition that if the check is returned unpaid, the same shall be returned to the depositor and the credit canceled, and this is in accordance with the practice and usage of banks: Morse on Banks

and Banking, 3d ed., § 586, and consistent with the cases of Dough'erty v. Central N. Bank, 93 Pa. 227 ; Lancaster Co. N. Bank v. Huver, 114 Pa. 216.

2. Assuming, however, that the defendant bank was the absolute owner of the check, and that the Germania S. Bank was liable as an indorser ; the amount of the check was $88,000, and the balance of the Penn Bank's credit with the defendant was a little over $23,000. Moreover, the check was not payable at the defendant bank. Where, at the maturity of a note held by a bank, the maker's balance on deposit is insufficient to pay the note, the bank is not bound to apply that balance to the payment of the note, for the protection of the indorser : Peoples' Bank v. Legrand, 103 Pa. 309 ; First N. Bank v. Shreiner, 110 Pa. 188 ; Martin v. Mechanics' Bank, 6 Harr. & J. 235 ; Voss v. German Amer. Bank, 83 Ill. 599 (25 Amer. R. 415) ; National Bank v. Smith, 66 N. Y. 271 (23 Amer. R. 48) ; Morse on Banks and Banking, 3d ed., § 562 a. That the holder of commercial paper for collection may maintain an action in his own name, is far from saying that such a holder can use it as a set-off against his own debt, for that would be to permit an agent to pay off his own debts with his principal's money. And it has been expressly held that when a note is held for collection, the holder cannot set it off against his own debt : Lewis v. Shearman, 28 Ind. 427 ; Central R. Co. v. First N. Bank, 73 Ga. 383 ; Cecil Bank v. Farmers' Bank, 22 Md. 148 ; First N. Bank v. Gruber, 91 Pa. 384 ; Hackett v. Reynolds, 114 Pa. 328 ; Graybrooks v. Ragland, 8 Grat. 342. The defendant bank cannot be said to hold the paper as a trustee, for it held the paper as a mere depositary, and a mere depositary of commercial paper cannot maintain a suit upon it : Sherwood v. Roys, 14 Pick. 172. And it is certainly true that a trustee of a note, or check, or other commercial paper, or a party holding such paper as a trustee, cannot set it off against his individual debt : Randolph on Commercial Paper, § 1860 ; McDonald v. Harrison, 12 Mo. 447 ; Fair v. McIven, 16 East 130 ; Babington on Set-off, 6 Law Lib. 28 ; Waterman on Set-off, § 60.

OPINION, MR. JUSTICE PAXSON :

It is not denied that at the time of the failure of the Penn Bank and its assignment to Henry Warner for the benefit of

creditors, the Farmers Deposit Bank (defendant below) was the lawful holder of the check of the said Penn Bank for $88,000, and that it was such holder at the time of the trial below. In a suit brought by the assignee of the Penn Bank against the said Farmers Deposit Bank to recover a balance of $23,218.59, admittedly due the Penn Bank at the time of its failure, the Farmers Deposit Bank attempted to use the check of $88,000 as a set-off. The court below instructed the jury that the latter bank could not so use it. This is the one error of the case and it runs all through it.

The theory of this ruling was that the check belonged to the Germania Savings Bank, and a large amount of time was wasted in trying this unimportant fact. Of what possible concern was it to the Penn Bank whether the defendant held it for collection or for value? It had no defence to the check in the hands of either bank. If there had been a defence as to the Germania then the Penn Bank might have called upon the defendant to show that it had paid value. But as the case stood—with no defence as to either bank—it had no standing to inquire into the relations between the defendant and the Germania, any more than if the check had been presented at its counter and payment demanded before its insolvency.

If we concede that the defendant was a mere collecting bank, so far as this check was concerned, it does not alter the case. As such its title was sufficient to maintain a suit in its own name. This is settled law: Brown v. Clark, 14 Pa. 469; Ward v. Tyler, 52 Pa. 393. If it could maintain a suit on this check in its own name, it is difficult to see any good reason why it could not set the check off in a suit against it by the assignee of the Penn Bank. The rights of the assignee rise no higher than those of his assignor. Neither the Penn Bank nor its assignee has any concern with the question of the ownership of the check, unless a defence be shown as against the Germania, or that the defendant became the holder after the assignment. As no defence was set up against the check in the hands of any one, and as it is an undisputed fact that the defendant became the lawful holder thereof several days before the assignment, we are all of opinion that the set-off should have been allowed.

All of the assignments of error are sustained.

> Judgment reversed, and a venire facias de novo awarded.