# Lierz *v.* Morris, Appellant.

*Practice, O. P.—Affidavit of defense—Fraudulent representation—Set-off —Unliquidated damages.*

Unliquidated damages arising from a breach of contract can always be set off when they are capable of liquidation by the application of any known measure or standard.

Where the owner of a toboggan slide in a park has agreed to pay royalties to the lessee of the park during the continuance of the latter's lease, or an extension thereof, and the lessee secures an extension of his lease, and thereafter assigns it to another, who falsely represents to the owner of the toboggan slide that the lease had not been renewed, and requires him to remove from the premises, the latter may in an action against him to recover royalties which had accrued before his removal, set off against the plaintiff's claim the value of the remainder of his term, which he had lost by reason of the false representations of the plaintiff.

Argued Oct. 18, 1901.    Appeal, No. 154, Oct. T., 1901, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1901, No. 107, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Henry Lierz to use of Louis Goos v. E. Joy Morris.    Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.    Reversed.

Assumpsit to recover royalties.

The material portions of the plaintiff's statement and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Dwight M. Lowrey*, with him *Alfred R. Haig, Henry C. Thompson, Jr.*, and *William F. Harrity*, for appellant, cited: Garrett v. Cummins, 2 Phila. 207; Perry v. Wall, 68 Ga. 70; Carey v. Bostwick, 10 U. C. Q. B. 156; Hunt v. Gilmore, 59 Pa. 450; Mack v. Patchin, 42 N. Y. 167; Lanigan v. Kille, 97 Pa. 120.

*J. Campbell Lancaster*, with him *Charles E. Lex*, for appellee, cited: Perry v. Wall, 68 Ga. 70; Matter of Emery, 93 Eng. Com. Law Rep. 423; Carey v. Bostwick, 10 U. C. Q. B. 156; Groetzinger v. Latimer, 146 Pa. 628; Griffith v. Sitgreaves, 2

W. N. C. 707; Hopple v. Bunting, 3 W. N. C. 472; Jackson v. Farrell, 6 Pa. Superior Ct. 31; McBrier v. Marshall, 126 Pa. 390; Vollmer v. Magowan, 180 Pa. 110.

OPINION BY W. D. PORTER, J., January 21, 1902:

This action was brought upon an agreement under seal entered into by Lierz and Morris, under the terms of which the latter acquired the right to erect and operate in Pastime Park, Philadelphia, a toboggan slide, the consideration to be paid for said privilege being fifteen per cent of the gross receipts. The statement makes it very clear that under the covenants of the agreement, Lierz having procured an extension of his own lease, the term for which Morris was to enjoy the right conferred by the agreement had been extended until January 1, 1904. Goos succeeded by assignment to the rights of Lierz under the agreement, and brought this action to recover royalties alleged to be due under the contract from the operation of the toboggan slide from May 1, to September 23, 1899. The affidavit of defense does not deny the items of the claim but alleges a set-off against the same.

Plaintiff's statement shows that the right of Morris to operate the toboggan slide terminated on January 1, 1899, unless Lierz procured an extension of his lease; this fact must be presumed to have been known to all the parties. Lierz having obtained an extension of his lease and operated the park thereunder for a considerable period sold out to Goos, who had full notice of the rights of Morris in the premises. The affidavit of defense distinctly asserts that Goos, after he had succeeded to the rights of Lierz, falsely and deceitfully represented to deponent that the lease to Lierz had not been renewed, and that he, the said Goos, had taken a new lease for said park direct from the owner and was in no way bound by the terms of the agreement between said Lierz and deponent, upon which this suit was brought; that Goos notified deponent to remove the toboggan slide from the premises and that deponent, believing and relying upon said representations, did in September, 1899, take down and carry away the said toboggan slide and did quit the said premises. The defendant in his affidavit distinctly states that he for the first time learned of the false and fraudulent character of said representations and of the unlawfulness of

his eviction from the premises upon reading the plaintiff's statement in this case; that he did not leave the premises voluntarily, but under threats and duress of the said Goos, and was thereby deprived of four years of the term to which under the contract he was entitled, and thereby suffered damage to the amount of $10,000. We have here a distinct allegation of a misrepresentation as to a material fact upon which the rights of the parties were by the contract made dependent. If the defendant relied upon these fraudulent representations made by Goos, he was certainly justified in concluding that his rights under the contract were at an end. When Goos notified him to quit the premises he had no grounds, under the facts as then presented to his mind, upon which to refuse to obey. The facts as averred in plaintiff's statement show that the defendant was at the time he was notified to quit entitled to occupy the premises for four more years. The affidavit of defense sufficiently alleges that the defendant lost this four years of his term through the fraud of the plaintiff, and that the value of the term thus lost was $10,000. The damages thus arising are directly deducible from the fraudulent breach of the contract by the equitable plaintiff, and the measure of damages would be the value of the term: Maule v. Ashmead, 20 Pa. 482; Lanigan v. Kille, 97 Pa. 125. " Unliquidated damages arising from a breach of contract can always be set off when they are capable of liquidation by the application of any known measure or standard: " Hunt v. Gilmore, 59 Pa. 450. Goos, while not originally a party to the contract, has become bound by its terms and has brought this action in affirmance of it. We are of opinion that the affidavit of defense was sufficient to entitle the defendant to a jury trial: Hemphill v. Eckfeldt, 5 Wharton, 273.

The judgment is reversed and a procedendo awarded.