## Barclay, Appellant, v. Edlis Barber Supply Company.

*Receivers—Set-off—Contract—Affidavit of defense.*

1. A receiver can acquire no greater interest than his insolvent had in the estate; and choses in action pass to the receiver, subject to equitable right to set off existing debts at the time of his appointment.

2. Damages arising ex contractu from any bargain, may be set off under the defalcation Act of 1705, 1 Sm. L. 57, whenever they are capable of liquidation by any known legal standard.

Argued April 14, 1909. Appeal, No. 133, April T., 1909, by plaintiff, from order of C. P. No. 4, Allegheny Co., Fourth Term, 1908, discharging rule for judgment for want of a sufficient affidavit of defense in case of Joseph H. Barclay, Receiver of W. H. Hamilton Company, v. Edlis Barber Supply Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Appeal from judgment of justice of the peace.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*M. L. Avner,* with him *S. S. Robertson,* for appellant.—The right of set-off is not permitted where the demand attempted to

be set off was acquired after the appointment of a receiver: U. S. Trust Co. v. Harris, 15 N. Y. Super. Ct. 45; Van Dyck v. McQuade, 85 N. Y. 616; Smith v. Mosby, 56 Tenn. 501; Lanier v. Gayoso, 56 Tenn. 506.

It is a settled principle in law that a claim of set-off cannot arise out of a right, independent of that sued upon; that a debt to be a set-off, must be in the same right: Minich v. Cozier, 2 Rawle, 111; Stuart v. Com., 8 Watts, 74; Williams v. Traphagen; 38 N. J. Eq. 57; Singerly v. Fox, 75 Pa. 112; Clark v. Brockwey, 3 Keyes (N. Y.), 13.

And even where the circumstances of a particular case approximate that mutuality of demand which the law demands in the case of set-off, the right is denied where the allowance of a set-off would tend to create a preference to the one creditor over others: Hillier v. Ins. Co., 3 Pa. 470; Osgood v. Ogden, 4 Keyes (N. Y.), 70.

*A. C. Stein,* for appellee.—A receiver can acquire no greater interest than his insolvent had in the estate, and choses in action pass to the receiver, subject to the equitable right to set-off existing at the time of his appointment: Alderson on Receivers, p. 231, sec. 187; Farmers Deposit National Bank v. Penn Bank, 123 Pa. 283; Meeder v. Goehring, 23 Pa. Superior Ct. 457.

This is the proper set-off: Glennon v. Mfg. Co., 140 Pa. 594; Hunt v. Gilmore, 59 Pa. 450; Hubler v. Tamney, 5 Watts, 51; McBride v. Daniels, 92 Pa. 332; Haines v. Young, 13 Pa. Superior Ct. 303; Nixon v. McCrory, 101 Pa. 289; Lierz v. Morris, 19 Pa. Superior Ct. 73.

OPINION BY ORLADY, J., July 14, 1909:

The plaintiff brought suit in assumpsit to recover for goods sold and delivered to the defendant of the value of $55.66. The defendant admits having purchased the goods mentioned in the plaintiff's statement, but offers in defense a set-off in the sum of $60.00 under the following conditions. Prior to the appointment of this receiver, the defendant entered into a contract with the W. H. Hamilton Company whereby it was to furnish certain bottles, as might be required by the defendant. In order

to facilitate the manufacture of the bottles the defendant furnished to the company three molds of the value of $20.00 each, in all the sum of $60.00, upon the express understanding that the said bottle molds would at all times be the exclusive property of the defendant, and subject to its control and disposal; and further the plaintiff agreed to allow the defendant company a credit of $60.00, if for any reason it lost, kept or broke the molds. The defendant made demand upon the W. H. Hamilton Company, and upon the receiver for the molds, they were refused, and the plaintiff appropriated the molds to its own use, for the benefit of the W. H. Hamilton Company, thereby making the plaintiff responsible for the value of the molds, to wit: $60.00, and hence denies its indebtedness to the plaintiff in the sum of $55.66, but on the contrary avers that the plaintiff is indebted to the defendant in the sum of $4.34. The rule for judgment for want of a sufficient affidavit of defense was discharged, and the plaintiff appeals. For the purposes of this case we must assume the facts to be as stated in the affidavit of defense. The statement of claim does not aver that the corporation is insolvent. It is clearly and particularly set out that the molds, whose value is undisputed, were kept by the company and the receiver, after a proper demand was made. Under the terms of the contract, it was agreed by the proper parties that the defendant company should receive a credit for the amount of $60.00, if they were not returned.

The purpose of our defalcation act certainly is to avoid circuity of action. It should be construed so as to give effect to that purpose. Its provisions are therefore to apply not merely when the defendant in the pleadings admits the contract upon which he is sued, but also whenever it appears that the plaintiff's cause of action must be admitted: Hunt v. Gilmore, 59 Pa. 450; Snyder v. Rainey, 198 Pa. 356. Damages arising ex contractu from any bargain may be set off under the defalcation Act of 1705, 1 Sm. L. 57, whenever they are capable of liquidation by any known legal standard: Halfpenny v. Bell, 82 Pa. 128; Lierz v. Morris, 19 Pa. Superior Ct. 73; North German Lloyd Steamship Co. v. Wood, 18 Pa. Superior Ct. 488; Wanamaker v. Quinn, 27 Pa. Superior Ct. 288.

The agreement which forms the basis of this set-off was not made with this receiver but with the corporation before the receiver was appointed, and the receiver is bound to respect that contract as fully as the company itself would be if the receivership had not intervened. A receiver can acquire no greater interest than his insolvent had in the estate, and choses in action pass to the receiver, subject to equitable right to set-off existing at the time of his appointment. A defendant in a suit brought by a receiver may avail himself of any defense which he has to the claim against the original party and may plead it with like effect. The appointment of a receiver does not affect the obligation of contracts, or their right of action, existing between the parties when the property is given over to the receiver and others: Alderson on Receivers, 231, 776; Farmers' Deposit National Bank v. Penn Bank, 123 Pa. 283; Meeder v. Goehring, 23 Pa. Superior Ct. 457.

The judgment is affirmed.