## Gottesman v. Lee Lash Company.

*Practice, C. P.—Summons—Service of process—Foreign corporations—Act of June 8, 1911.*

1. Where a foreign corporation has, under the Act of June 8, 1911, P. L. 710, registered its post-office address with the Secretary of the Commonwealth and thereafter moves from such address without notice to the Secretary, and, as a consequence, fails to receive service of summons and statement of claim sent to it by the Secretary by registered letter, and judgment is entered against it by default, the company cannot thereafter have such judgment set aside; and especially is this so where it fails to move to set aside the judgment for over four months.

*Judgment—Opening judgment—Defence.*

2. It is inequitable to open a judgment and require a trial where the defendant has not stated a defence in clear and unmistakable terms; and especially is this so where the alleged defence is largely in the nature of a set-off for unliquidated damages alleged to have arisen out of the plaintiff's breach of the contract upon which the suit was brought.

Rule to open judgment. C. P. Schuylkill Co., March T., 1924, No. 341.

*Roy Entirline* and *J. M. Moyer*, for rule.

*M. M. Burke* and *P. H. Burke*, contra.

BERGER, J., Oct. 12, 1925.—This is a rule to show cause why a judgment obtained against the defendant, in default of an appearance and for want of an affidavit of defence, should not be opened. The Lee Lash Company, the

defendant, being engaged in the business of theatrical advertising, entered into a written contract with Alfred Gottesman, the plaintiff, by which he was to insert and carry advertisements, to be supplied by the defendant, on the drop-curtain of the Strand Theatre, owned or operated by him in the Borough of Shenandoah, Pa., in consideration of certain payments to be made by the defendant.

Suit was brought against the defendant on Feb. 5, 1924, to recover moneys alleged to be due in accordance with the terms of this contract. Service of the writ of summons in *assumpsit,* returnable to the first Monday of March, 1924, was made on Feb. 23, 1924, by serving the Secretary of the Commonwealth of Pennsylvania, and service of the plaintiff's statement of claim was made April 5, 1924, in the same manner. Judgment by default was entered May 12, 1924, and the rule to open the judgment was not filed until Oct. 27, 1924. The Lee Lash Company was registered as a New York corporation, in the office of the Secretary of the Commonwealth, under the provisions of the Act of June 8, 1911, P. L. 710, which provides in section 2, *inter alia,* that a "foreign corporation, before doing any business in this Commonwealth, shall appoint, in writing, the Secretary of the Commonwealth and his successor in office to be its true and lawful attorney and authorized agent, upon whom all lawful processes in any action or proceeding against it may be served; and service of process on the Secretary of the Commonwealth shall be of the same legal force and validity as if served on it; and the authority for such service of process shall continue in force so long as any liability remains outstanding against it in the Commonwealth. The power of attorney shall be executed with the seal of the corporation and signed by the president and secretary thereof; and shall contain a statement showing the title and purpose of said corporation, the location of its principal place of business in the Commonwealth, and the post-office address within the Commonwealth to which the Secretary of the Commonwealth shall send by mail any process against it served on him; which address said corporation may change, from time to time, as it may find occasion, by filing a certificate, under its corporate seal, with the Secretary of the Commonwealth, setting forth such change of address." The post-office address within the Commonwealth given by the Lee Lash Company to the Secretary of the Commonwealth, for the mailing of any process against it served on him, was 770 Drexel Building, Philadelphia. The Secretary of the Commonwealth, after having been properly served with the writ and the statement of claim, sent the service of the summons by registered letter on Feb. 23, 1924, addressed to the defendant at 770 Drexel Building, Philadelphia, and on April 5, 1924, did likewise with the plaintiff's statement which had been served upon him. The letter containing the service of the summons was returned by the postal authorities to the Secretary of the Commonwealth, marked "Removed;" and the letter containing service of the plaintiff's statement of claim was returned by the postal authorities to the Secretary of the Commonwealth, marked "Unknown." Prior to the return of these registered letters, the defendant had closed its office in Philadelphia at 770 Drexel Building, and had notified the postal authorities in Philadelphia to forward its mail to an address in the Liberty Building, Philadelphia, whence the addressee to whom the mail was to be delivered was directed to mail it to the defendant at Mount Vernon, New York. No notice of a change of address was given by the defendant to the Secretary of the Commonwealth. Service upon the Secretary of the Commonwealth of the writ and the plaintiff's statement of claim was, therefore, good service upon the defendant: Kraus *v.* American Tobacco Co. et al., 283 Pa. 146. The failure of the defendant to

receive proper notice of the action filed against it, and of the necessity to file an affidavit of defence to the plaintiff's statement of claim, to prevent judgment by default, was entirely due to its own neglect. The delay in not moving to open the judgment from June 7, 1924, when the defendant learned that it had been entered, until Oct. 27, 1924, is inexcusable. In the exercise of a sound judicial discretion, we cannot relieve the defendant of the consequences of its neglect by directing the opening of this judgment.

Moreover, it is inequitable to open a judgment and require a trial where the defendant has not stated a defence in clear and unmistakable terms: Noll v. Corporation of the Royal Exchange Assurance, 76 Pa. Superior Ct. 510, 515. The petitioner alleges that it has a defence to a great part of the plaintiff's claim, but does not specifically set forth the amount for which judgment was justly taken, nor the amount of the judgment to which the defence is alleged to exist. The alleged defence is largely in the nature of a set-off for unliquidated damages alleged to arise out of the plaintiff's breach of the contract upon which he sued and obtained his judgment. Unliquidated damages arising *ex contractu* may be set off: Wanamaker v. Quinn, 27 Pa. Superior Ct. 288; Barclay v. Edlis Barber Supply Co., 39 Pa. Superior Ct. 482. A set-off is a cross-cause of action, and, when pleaded, must be set forth with the same particularity as an original cause of action. This the petitioner has failed to do. It is only in actions brought before a justice of the peace, however, that the failure to set off a claim bars its recovery in a subsequent action. If the defendant has a just claim against the plaintiff, it may assert it hereafter in a proper action. The rule to open the judgment, therefore, cannot prevail.

Oct. 12, 1925, rule to open judgment in the above stated case is hereby discharged, at the cost of the petitioner.