## Gordon, Secretary of Banking, v. Rosenwald.

*Joseph K. Willing,* for plaintiff; *Abraham Wernick,* for defendant.

BLUETT, J., November 24, 1931.—On November 17, 1930, defendant, who was a depositor in the Aldine Trust Company, executed and delivered to the trust company a promissory note for $7000, payable on January 10, 1931, which note was duly presented for payment on January 10, 1931. Payment was refused, and in consequence there also became due protest fees of $2.25 and an attorney's fee of 10 per cent., or $90.03. On December 29, 1930, the Secretary of Banking of the State of Pennsylvania took possession of the business and property of the Aldine Trust Company, entered his appearance in Court of Common Pleas No. 5, Philadelphia County, as of December Term, 1930, No. 6594, and recorded his certificate of possession in the Office for Recording of Deeds in and for Philadelphia County, in Deed Book J. M. H. No. 3232, page 585, etc. In the statement of claim the execution and delivery of the note is averred, the protesting of it for nonpayment, the payment by defendant of $5300 on account of the note, and the crediting to defendant of the balance on deposit by the defendant in the amount of $799.69, leaving a balance of $992.59, with interest, for the recovery of which this suit was started.

The defendant denies that he refused to pay the balance due when the note fell due, but, on the contrary, attaches a copy of a letter sent to the plaintiff, dated January 2, 1931, which was eight days before the note fell due, wherein the defendant offered to pay this note of $7000, and another note for $1000, provided credit was given for the amount of the balance on deposit in the name of the defendant and also credit for another deposit in the name of Louis Rosenfeld, trading as the Acme Fruit Company, which account was

assigned to the defendant on November 21, 1930, and prior to the closing of the bank.

The affidavit of defense further avers that in pursuance of the offer made in said letter, the defendant then paid to the plaintiff the entire balance due on both notes after deducting both deposits, and received the return of the $1000 note, but the person receiving the said money, not having possession of the $7000 note at that time, since it was in the possession of the Philadelphia National Bank, promised to return the said note to the defendant when he received it from the Philadelphia National Bank.

The affidavit of defense, under the heading of set-off and counterclaim, further avers that on November 21, 1930, which was over five weeks prior to the closing of the bank, Louis Rosenfeld, trading as the Acme Fruit Company, assigned, transferred and set over unto the defendant his account with the Aldine Trust Company, and a true and correct copy of the assignment is attached to the affidavit of defense. This assignment was made because, in 1930, the bank officials asked the defendant to get new depositors and the defendant orally guaranteed to the said Louis Rosenfeld that the bank was in good financial condition and guaranteed the account, and would from time to time loan money to the said Louis Rosenfeld. The amount of this deposit was $843, which the defendant is claiming should be set off against the balance of the note due, and which the affidavit of defense avers was actually done by defendant at the time that the balance of the money was paid.

The plaintiff has filed a rule for judgment for want of a sufficient affidavit of defense and a reply to the set-off or counterclaim raising questions of law, that the facts as pleaded fail to show a proper set-off for the amount on deposit in the name of Louis Rosenfeld, trading as the Acme Fruit Company; that the notice of the assignment was not received by the bank until January 2, 1931, subsequent to the date on which plaintiff took possession of the business and property of said bank on December 29, 1930; and, therefore, that defendant has no standing to claim said balance as an additional credit against his own indebtedness, but that the defendant by reason of the assignment became entitled only to his proper dividends on the balance of the assigned account at the time of distribution.

It is necessary to determine, therefore, whether the affidavit of defense, including the set-off and counterclaim, is sufficient in law. If it is, it would seem that the rule for judgment for want of a sufficient affidavit of defense should be discharged and judgment entered in favor of the defendant on the plaintiff's reply, as the only question then involved is one of law, whether or not the amount of the deposit of Louis Rosenfeld, trading as the Acme Fruit Company, which was assigned to the defendant on November 21, 1930, may be set off against any indebtedness due the bank by the assignee of said balance, the defendant.

At the argument, counsel for plaintiff stated that he waived any right to recover the 10 per cent. attorney's fee and also the protest fee.

It is the plaintiff's contention that the assignment is invalid because notice thereof was not served on the plaintiff until two days after the bank closed, and the defendant's contention that title to the fund on deposit passed at the time the assignment was executed and delivered to the assignee even though no notice was given to the bank.

We think it is well settled by decisions in this state that an assignment of a fund is perfectly good as between the assignor and assignee, even though no notice be given to the debtor or holder of the fund, and that a valid assignment of a fund cannot be set aside by attachment proceedings subsequently instituted in favor of a third party. As to such a transfer, neither notice nor

the want of it can aid the attaching creditor, provided that notice of the assignment to the debtor is given in time to permit him to disclose the assignment in his answer to the garnishee process: Chipman & Holt *v.* Ninth National Bank, 120 Pa. 86 (1888); Jarecki Mfg. Co. *v.* Hart Bros., 5 Pa. Superior Ct. 422 (1897); La Barre *v.* Doney, 53 Pa. Superior Ct. 435 (1913); Soley's Estate, 15 W. N. C. 351; Noble *v.* Thompson Oil Co., 79 Pa. 354 (1875); Phillips's Estate, 205 Pa. 525 (1903).

It will also be observed that in the case at bar the bank was still in possession of the deposit of Louis Rosenfeld, trading as the Acme Fruit Company, at the time it closed its doors and was in possession of the fund at the time it was claimed by the defendant as a set-off as against his indebtedness, so that the bank has not been harmed by the failure to receive notice of the assignment, which was dated five or six weeks prior to the closing of its doors.

It is also the plaintiff's contention that whether or not notice of the assignment was received by the bank, nevertheless the defendant cannot assume or acquire the status of Louis Rosenfeld, another depositor, for the purpose of being able to set off the amount of the assigned deposit in payment of indebtedness of the assignee, as the changing of such status would operate as an additional preference given to the defendant.

There is no doubt that the assignment in this case was absolutely valid and binding as between the assignor and the assignee. Had the assignor of the deposit withdrawn any of the funds from the bank prior to the time of its closing, but before any notice of the assignment had been received by the bank, then, of course, the assignee of the deposit could not have complained or have had any action against the bank for the actual transfer to him of the funds on deposit in the assigned account, or maintained any action against the bank whatsoever with regard thereto. But in this case there is no question between the assignor and the assignee. The assigned account remained on deposit. It does not appear whether or not any funds were ever withdrawn by the assignor during the period of assignment, and the bank was in possession of all of the funds in the assigned account until after it closed its doors. We think it is erroneous to refer to the question of a changed status. It is not a status of one that may be assigned or transferred, but it is his rights or choses in action. It is a question of indebtedness, and the law is clear that a depositor in a bank may set off, as against any indebtedness due the bank, the amount of his deposits or the amount of indebtedness which the bank owes to him: U. S. Brick Co. *v.* Brick Co., 228 Pa. 81 (1910); Barclay *v.* Edlis Barber Supply Co., 39 Pa. Superior Ct. 482 (1909).

Outside of Pennsylvania, it has also been expressly held that the amount of a deposit made in the bank by a third person, and even orally assigned to the defendant for a valuable consideration prior to an appointment of a receiver, could be set off against an amount due by defendant on his note. See Meyer *v.* Hiatt, 150 S. E. 567; 6 Am. Dig. (Cent. Ed.) 1266, § 379; Moseby *v.* Williamson, 52 Tenn. 278.

Also, in Farmers' National Bank *v.* Penn Bank, 123 Pa. 283 (1889), the court allowed a set-off of rights assigned to the bank, when claimed by the bank before assignment by the maker thereof for the benefit of creditors. Surely, if our courts would allow the bank to set off in such a case they should also allow a set-off where the bank is the claimant.

The affidavit of defense filed in this case also avers a compromise and settlement, averring that the balance due on both notes was paid after arrangement had been made between the agent of the bank and the defendant that the defendant should be given credit for the balance of the assigned fund, as well as his own deposit, and at the time of payment in accordance with these

arrangements one note of $1000 was actually returned, and there was a promise made that the second note, or the one in suit, would also be returned to the defendant as soon as it could be procured from the Philadelphia National Bank. As to this, however, plaintiff contends that the name of the authorized agent is not given, and, therefore, it is not bound by such an arrangement or agreement. It is admitted, however, that the bank received $5300 on January 17, 1931, which was in furtherance of the arrangement or compromise mentioned, and certainly it cannot receive the benefits of such a transaction, and then, on the other hand, repudiate the authority of the agent to represent the bank in and about the agreement or compromise.

The court is, therefore, of the opinion that the amount of the deposit of Louis Rosenfeld, trading as the Acme Fruit Company, which was assigned to defendant on November 22, 1930, may be set off against the indebtedness of defendant to the bank, as well as the amount of defendant's own deposit. Accordingly, plaintiff's rule for judgment for want of a sufficient affidavit of defense is discharged, the questions of law raised in plaintiff's reply to the set-off and counterclaim are overruled, and judgment entered in favor of the defendant.