## ANDERSON v. BAYLY.

No. 6786.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1933.

D. C. McMullen, of Tampa, Fla., for appellant.

Cyril E. Pogue and M. A. McMullen, both of Clearwater, Fla., for appellee.

George M. Powell, of Jacksonville, Fla., as amicus curiæ on behalf of appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

On June 7, 1930, the Peoples' Bank of Clearwater, Fla., had collected $2,540.34 for the First National Bank of St. Petersburg, Fla.; and the St. Petersburg bank had collected $2,898.40 for the Clearwater bank, the money collected by each bank being represented by checks of its customers that had been forwarded to it by the other for collection and remittance. Both banks were acting in the usual course of business as mutual correspondents; neither was a depositor of the other. In an attempted settlement of the amount it had collected, the St. Petersburg bank sent its drafts on a New York bank to the Clearwater bank; but, because of its failure on June 9th, the drafts were not paid. In an action against it by appellant as receiver of the St. Petersburg bank to recover the amount due that bank, the Clearwater bank pleaded as a set-off the larger amount due it, and, having itself failed pending suit, appellee as its liquidator recovered judgment for the excess.

■■ Appellant takes the position that it was error to allow a set-off, because, as he says, (1) the Clearwater bank did not have title to the checks which it forwarded to the St. Petersburg bank for collection, since until final payment the depositor of each such check remained the owner of it; and (2) the Clearwater bank held the amount which it had collected for the St. Petersburg bank as the latter's agent. Compiled General Laws of Florida, § 4326, provides: "All debts or demands mutually existing between the parties at the commencement of the action, whether the same be liquidated or not, shall be proper subjects of set-off, and may be pleaded accordingly. * * * In case the jury shall find a balance for the defendant, such defendant may claim a judgment for the same, and take out execution accordingly." The right of set-off, while it did not exist at common law, was provided for by statute of 2 Geo. II, c. 24, § 4, which enacted that where there are mutual debts between the plaintiff and defendant one debt may be set off against the other in order to avoid circuity of action and injustice. United States v. Eckford, 6 Wall. 484, 18 L. Ed. 920; North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 615, 14 S. Ct. 710, 38 L. Ed. 565. Independent debts of the parties may be set off against each other by way of mutual deduction, and so a claim founded on debt may be used by the defendant though it does not arise out of the transaction sued on, provided it tends to defeat or diminish the plaintiff's right to recovery. Scammon v. Kimball, 92 U. S. 363, 23 L. Ed. 483; 24 R. C. L. 851. In Florida, as has already been shown, the defendant may have judgment if the balance be in his favor. The Florida Negotiable Instruments Law provides that "the holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument." Section 6810, Comp. Gen. Laws. It was of no concern to the appellant whether the Clearwater bank held the check for its depositors for collection or for value. McCallum v. Driggs, 35 Fla. 277, 17 So. 407; Brown v. First National Bank, 86 Fla. 198, 97 So. 351. Since the Clearwater bank had the right to maintain a suit in its own name for the amount due it by the appellant, it had the right of set-off in a suit against it by appellant for the amount of its indebtedness to the St. Petersburg bank. Farmers' Bank v. Penn Bank, 123 Pa. 283, 16 A. 761, 2 L. R. A. 273; Clarke v. National Bank, 78 Mont. 48, 252 P. 373. The right of set-off under the facts of this case exists notwithstanding the provi-

sion in section 6834 of the Negotiable Instruments Law to the effect that when a bank receives for collection a check or other negotiable instrument which it forwards to another bank for collection, it shall only be liable after actual final payment is received by it. The last named section deals with the question of due diligence as between a bank on the one hand and its depositors on the other. It does not affect the right of the bank to recover from another bank the amount collected for the former by the latter.

In this case all the checks sent by each bank to the other had been paid in full, and as a result the drawers of the checks had been discharged. It was no longer possible for either bank to return to its depositors the checks which it had received from them. Each bank was debtor in the same capacity that it was creditor. One was no more an agent than the other. If the Clearwater bank did not have a right to sue, neither did appellant. In our opinion either bank had the right to sue or to plead set-off if sued, because mutual debts were due to and from them in the same capacity. 24 R. C. L. 858.

The judgment is affirmed.