## McCowin v. Montgomery

*James A. Stranahan, 3rd,* for plaintiffs.
*Michael J. Wherry,* for defendants.

ACKER, J., March 29, 1968.—The matter for decision arises from a preliminary objection to defendant's counterclaim. It is contended that Pennsylvania Rule of Civil Procedure 1031 requires the counterclaim to be stricken in that it does not spring from the same transaction or series of transactions as that from which plaintiffs' complaint arises.

Pa. R. C. P. 1031 permits a defendant to "counterclaim" any cause of action or set-off which he has against the plaintiff ". . . (1) which arises from the same transaction or occurrence or series of transactions or occurrences . . . , or (2) which arises from contract or is quasi-contractual".

In interpreting this rule, 1 Goodrich-Amram §1031 (a)-1, page 206 states:

"To summarize, there is an unlimited right to counterclaim in assumpsit for all causes of action which arise from the transactions upon which the plaintiff's suit is founded, irrespective of their character. There is also an unlimited right to counterclaim for all causes of action which arise from outside transactions, if such causes of action are contractual or quasi-contractual . . .".

A claim for unliquidated damages growing out of a contract different from that upon which the suit is brought may be pleaded by way of set-off.[1]

---

[1] Roth v. Pechin, 260 Pa. 450 (1913); Barclay v. Edlis Barber Supply Co., 39 Pa. Superior Ct. 482 (1909); Wanamaker v. Quinn, 27 Pa. Superior Ct. 288 (1905).

It, therefore, appears clears that on the basis set forth in the preliminary objection, defendant's counterclaim does not violate Pa. R. C. P. 1031.

Plaintiff in its brief, however, raises the contention that because the same action now raised as a counterclaim in Mercer County was previously filed in Lawrence County, defendant is attempting to recover twice for the same alleged breach of contract and should be barred. Defendants have joined this issue, as if properly raised; and argued by brief and oral argument the position now contended by plaintiff.

The history bringing the case to this juncture is as follows: On September 13, 1967, plaintiff instituted an action in Mercer County by a complaint in assumpsit, claiming that under a contract of August 27, 1965, plaintiffs were to furnish certain labor and materials to defendants for the construction of an engineering building at Grove City College for a total consideration of $74,005; that there were extras in the form of tile in the amount of $613.32 added, but that the payment on the extras and the principal contract had reduced the monies owing to $8,018.32 for which judgment was demanded. To this complaint was filed a preliminary objection followed by an answer by defendant. In that preliminary objection it was contended that there was pending in the Court of Common Pleas of Lawrence County, Pa., an action by the same parties in which the present defendant is plaintiff; and that a default judgment was taken on August 15, 1967, upon which a petition to open the judgment was filed on September 1, 1967. As of that date and as agreed by counsel at the time of this argument the matter was unresolved by the Lawrence County courts. The defense of lis pendens was, therefore, raised as a defense.

In an opinion by McKay, P. J., of this court on December 5, 1967, the preliminary objection was dis-

missed in that the cause of action pending in Mercer County was not the same cause of action as that pending in Lawrence County. Lis pendens was, therefore, held to be inapplicable.

Following the dismissal of the preliminary objection, defendant filed an answer containing a counterclaim setting forth monies owed as a result of a contract between the same parties dated February 3, 1966, for masonry work upon the Southwest Central Junior-Senior High School, Chautauqua County, New York, upon which it is claimed $31,094.75 is owing.

By a stipulation filed with this court, a copy of all of the pleadings in Lawrence County concerning the last mentioned cause of action are made a part of the record for the purpose of this motion only. A reading of these pleadings informs the reader that the same money damages are claimed in Lawrence County as now claimed in this action; that a judgment by default was taken; that the Lawrence County Court granted a rule on plaintiff to show cause why the judgment should not be opened and defendant let into a defense on September 1, 1967, which is undetermined.

Plaintiffs contend that the counterclaim filed in the instant case must be stricken. Plaintiffs' position is not well founded due not only to the procedural defect of failure to voice the contention in its preliminary objection, but also by our substantive law. In National Metal Edge Box Company v. American Metal Edge Box Company, 246 Pa. 78, page 82, it was held that: "The mere fact that the claim which is the basis upon which the present suit was brought, may be incidentally raised in another action in another court, is no reason why the present case should not proceed to judgment, in its regular course".

Further, at page 83:

". . . the sound principle, supported by abundant authority, (is) that the mere pendency of a suit upon

a claim, will not prevent the same claim from being used as a set-off in another action; or vice versa, that the introduction of a claim as a set-off in one action, will not create a bar to a suit in another court, in a direct action upon the same claim".

This principle was reaffirmed in Ott v. DuPlan Silk Corporation, 271 Pa. 322 (1921). To the same effect see Stroh v. Uhrich, 1 W. & S. 57 (1841); Gilmore v. Reed, 76 Pa. 462 (1874); and Price v. Davis Coal and Coke Company, 208 Pa. 395 (1904).

Cochran v. Cutter, 18 Pa. Superior Ct. 282 (1901), contains a thorough review of the cases to that time on this subject, concluding ". . . that the mere pendency of a suit for a claim does not prevent its being set off in another action . . .".

Wherefore, the preliminary objection requesting that the counterclaim be striken and a demurrer be granted is denied.

### ORDER

And now, March 29, 1968, plaintiff's preliminary objection in the nature of a demurrer and a motion to strike defendant's counterclaim is denied.