## Sterrett *et al.* *versus* Howarth *et al.*

1. In a direct proceeding to set aside a foreign attachment, the court will quash or reverse where the sheriff has omitted to return a service on a person in possession of the land attached, or to make publication if the possession be vacant.

2. In a collateral proceeding to recover the land sold by the sheriff before the attachment has been set aside or reversed, such omission is but an irregularity and will not render the judgment and executions in the attachment absolutely void.

3. Such judgment and executions, though voidable, will support the sheriff's sale.

October 19th 1874.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Venango county :*   Of October and November Term 1872, No. 153.

This was an action of ejectment by David Sterrett and James Vanderlin against Thomas S. Howarth and William Howarth, for a tract of land in Cornplanter township, commenced May 18th 1871.

Both parties claimed through Otto Ludovice, who owned the land in April 1866.

The plaintiffs' title was as follows :—

To April Term 1866, Thomas S. Howarth issued a foreign attachment against Ludovice and others, partners.

The sheriff returned amongst other things, that he had attached the premises in dispute "and summoned P. Lent by making known contents to him by giving a true copy of the same." On the 30th of November 1866, on motion of plaintiffs' attorney, judgment was entered for default of appearance. After a rule on prothonotary to liquidate the damages and proof of notice of the rule and affidavit of the claim, the prothonotary, on the 30th of March 1867, assessed the damages at $1154.33.

To November Term 1867 a fi. fa. was issued and returned "*Nulla bona.*" On the 28th of October 1868, an alias fi. fa. was issued, under which the premises in dispute were levied on and condemned and afterwards sold under a venditioni to S. P. McCal-

[Sterrett *v.* Howarth.]

mont and sheriff's deed to him acknowledged January 28th 1869, McCalmont conveyed to F. S. Howarth, one of the defendants, February 9th 1869.

The defendant's title was as follows :—

On the 30th of March 1866, James Vanderlin commenced an action of assumpsit by foreign attachment against Otto Ludovice and Rudolph Ludovice; an appearance was entered for defendants and an affidavit of defence filed.   On trial the plaintiffs recovered a verdict for $6783.34; judgment was entered on the verdict January 14th 1871.   Under this judgment the land in dispute was sold by the sheriff to David Sterrett and the deed acknowledged April 27th 1871.   On the 17th of May Sterrett conveyed an undivided half to Vanderlin.

The plaintiffs' points were :—

1. In proceedings in foreign attachment the act relating thereto must be strictly pursued, and it being one of the requisites of the act that in case of attachment levied on lands the sheriff shall leave a copy of the writ with the tenant or other person in actual possession, holding under the defendant, and to summon such person as garnishee, and if no person is in actual possession, to publish the writ six weeks; neither of which having been done in this case the attachment and all subsequent proceedings thereunder are void, and such a failure to attach the land as the law directs is not cured by the acknowledgment of the sheriff's deed in sale under said attachment.

2. If any person be summoned as garnishee the act requires a scire facias to be issued against such garnishee and judgment thereon before execution can issue against such defendant, and no such scire facias having been issued in this case, the execution and sale thereunder are void.

The defendants' points were :—

1. The judgment Howarth *v.* Ludovice, under which sale was made and defendant claims title, is not a void judgment, but only voidable.

2. Said judgment could be avoided only by the defendant; that the plaintiff being a stranger to the judgment, could not impeach it for any irregularity however gross.

3. The sale to the defendant having been made upon an execution issued upon a judgment subsisting and unappealed from, passed a good title to the purchaser, and the verdict must be for the defendants.

The court (Jenks, P. J., of the 18th district) charged :—

" We answer the 1st and 2d points of plaintiffs in the negative, and answer all the points submitted by the defendant in the affirmative."

The verdict was for the defendants.

The plaintiffs removed the record to the Supreme Court, and assigned for error, the answers to the points.

[Sterrett *v.* Howarth.]

*S. C. T. Dodd* (with whom was *I. Ash*), for plaintiffs in error, referred to the Foreign Attachment Act, June 13th 1836, sects. 49, 65, 66, 68, 69, Pamph. L. 580, 1 Br. Purd. 718, 721, 722, pl. 9, 29, 30, 32, 33. The mode prescribed by the act must be strictly pursued: Hayes *v.* Gillespie, 11 Casey 155; Lambert *v.* Challis, Id. 156 n.; Pennsylvania Railroad Co. *v.* Pennock, 1 P. F. Smith 244; Jenks *v.* Wright, 11 Id. 410; if not, the proceeding will be void, and may be attacked collaterally: Hayward *v.* Collins, 5 Amer. Law Times Rep. 235; McKee *v.* McKee, 2 Harris 231. If there be want of authority to sell, the defect is not cured by acknowledgment of sheriff's deed: St. Bartholomew's Church *v.* Wood, 11 P. F. Smith 99.

*C. Hasbrouck* (with whom were *McCalmont & Osborne*), for defendants in error.—No one but the defendant in a judgment can take advantage of irregularities in a judgment, which renders it voidable only: Martin *v.* Rex, 6 S. & R. 296; Hazelett *v.* Ford, 10 Watts 101; Sloan *v.* McKinstry, 6 Harris 121; Paine *v.* Morehead, 15 Ohio 435; Voorhees *v.* The Bank of the United States, 10 Peters 449; Ritter *v.* Brendlinger, 8 P. F. Smith 70. The plaintiffs in this suit, being strangers to the judgment, could not impeach it for any irregularity: Campbell *v.* Kent, 3 Penna. R. 78; Hauer's Appeal, 5 W. & S. 474; Dickerson & Haven's Appeal, 7 Barr 257; Watson *v.* Willard, 9 Id. 92; Buehler *v.* Buffington, 7 Wright 293; Thompson's Appeal, 7 P. F. Smith 178; Ritter *v.* Brendlinger, 8 Id. 70; Wilkinson's Appeal, 15 Id. 189. As to defendant's 3d point: Act of 1705, sect. 1, 1 Smith L. 32, 1 Br. Purd. 651, pl. 84; Feger *v.* Kroh, 6 Watts 294, and Feger *v.* Keefer, Id. 297.

Judgment was entered in the Supreme Court, October 26th 1874.

PER CURIAM.—In a direct proceeding to set aside a foreign attachment, the court will quash or reverse when the sheriff has omitted to return a service on a person in possession of the land attached, or to make publication according to law, if the possession be vacant. But in a collateral proceeding to recover the land, where the land has been sold at sheriff's sale before the attachment has been set aside or reversed, the omission of the sheriff to state that the person on whom he has served the writ in connection with the land, holds the land under the defendant in the writ, is but an irregularity, which will not render the judgment and executions absolutely void. Though voidable, they will support the sheriff's sale. There is not such an absolute want of jurisdiction in the court as will render the whole proceeding a mere nullity.

Judgment affirmed.