# Bryan *versus* Trout, Administrator, &c.

The 49th section of the Act of June 13th 1836 requires the sheriff to attach houses and lands, " by leaving a copy of the writ with the tenant or other person in actual possession, holding under the defendant in the attachment." To a writ of foreign attachment, issued under said act against real estate, the sheriff returned that he " had served the writ on T., garnishee, and as to defendant, *nihil*." *Held*, that this return was insufficient to warrant a judgment for plaintiff, as it did not show that T. held under the defendant.

May 26th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. STERRETT, J. absent.

Error to the Court of Common Pleas of *Blair county :* Of May Term 1879, No. 25.

On the 3d of January 1876, Thomas A. Trout, administrator of Richard Bryan, issued a writ of foreign attachment in assumpsit against John M. Bryan, in which the sheriff was directed to attach

[Bryan v. Trout.]

certain real estate, and to summon the defendant and said Trout as garnishees. In the præcipe for the writ, Trout was described as the owner of the premises. The sheriff returned that he had attached the said real estate, "by service of this writ on Thomas A. Trout, garnishee, and as to John M. Bryan, *nihil.*" There was no publication of this writ. On motion, judgment was entered for the plaintiff on October 9th 1876, for want of an appearance, and the damages assessed by the prothonotary. The real estate attached was subsequently taken in execution under this judgment and sold to plaintiff, and he received the sheriff's deed therefor, duly acknowledged, on the 15th of October 1877. Defendant took this writ and alleged that the court erred in entering judgment for plaintiff.

*Samuel S. Blair*, for plaintiff in error.—The sheriff's return did not show that the garnishees held under the defendant, as required by the Act of June 13th 1836, Pamph. L. 580, Purd. Dig. 718. It was therefore not sufficient: Hayes *v.* Gillespie, 11 Casey 115; Sterrett *v.* Howarth, 26 P. F. Smith 440.

*Frederick Jackel* and *H. M. Baldridge*, for defendant in error. —The spirit of the Act of Assembly was followed in all. the proceedings. The writ was served on a garnishee, a party in possession.

Mr. Justice PAXSON delivered the opinion of the court, June 23d 1879.

The mode of serving the writ of foreign attachment is prescribed by the Act of 13th June 1836, Pamph. L. 580, Purd. Dig. 718. Where real estate is attached it is as follows: "It shall be the duty of the sheriff to leave a copy of the writ with the tenant, or other person in actual possession, holding under the defendant in the attachment, and to summon him as garnishee." The act further provides, that if there be no person in actual possession, service shall be made by publication. In this case, the sheriff made return that he attached the real estate described in the writ, by serving it "on Thomas A. Trout, garnishee," and *nihil* as to the defendant. That this return was insufficient, is settled. by Hayes *v.* Gillespie, 11 Casey 155. It was there held that the return must conform to the Act of Assembly, and that where the writ is served on a tenant, or other person holding under the defendant, the fact that the tenant does so hold must appear by the return. See also Lambert *v.* Challis, cited in note to Hayes *v.* Gillespie, where the same point was decided by the present chief justice when president judge of the District Court of Philadelphia. To the same point is Sterrett *v.* Howarth, 26 P. F. Smith 438. It follows that neither the person of the defendant, nor his pro-

[Bryan *v.* Trout.]

perty was before the court by the return of the sheriff, and the entry of judgment against him for want of an appearance was erroneous.

. Judgment reversed. .