## Price *v.* Davis Coal and Coke Company, Appellant.

*Appeals—Practice, C. P.—Interlocutory order—Dismissal of suit.*

No appeal lies from an order discharging a rule to show cause why a suit should not be dismissed for want of jurisdiction, the alleged want of jurisdiction being based on an affidavit and plea that the same cause of action had been pleaded by plaintiff as a set-off in another suit between the parties which is still pending. Such an order is not a final judgment.

Argued Jan. 7, 1904. Appeal, No. 228, Jan. T., 1903, by defendants, from order of C. P. No. 1, Phila. Co., March T., 1900, No. 887, discharging rule to dismiss for want of jurisdiction in case of James E. Price, Jr., trading as the the Acme Coal Company, v. Davis Coal & Coke Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Appeal quashed.

Assumpsit for breach of contract to deliver coal.

Defendant filed the following affidavit of defense :

Fred. B. Lott, being duly sworn according to law, deposes and says he is manager of the Philadelphia office of the Davis Coal & Coke Company, the above named defendant, and that there is a just, true, full and legal defense to the whole of the plaintiff's claim of the following nature and character, to wit: That said plaintiff has used this identical claim of $2,447.04, as a set-off in an affidavit of defense in another proceeding between the same parties, in which the said James E. Price, trading as the Acme Coal Company, is defendant, and the Davis Coal & Coke Company is plaintiff, in the court of common pleas, No. 3, for Philadelphia county, to September term, 1895, No. 228, and said defendant brings said record into court. And the defendant further avers the said plaintiff ought not to have or maintain said action whereby said defendant is subjected to unnecessary costs.

The defendant subsequently pleaded non assumpsit, with leave, etc. Afterwards he entered a rule to show cause why the suit should not be dismissed for want of jurisdiction.

The court discharged the rule.

*Error assigned* was the order of the court.

John V. McGeoghegan, for appellant.

Arthur G. Dickson, for appellee.

PER CURIAM, March 7, 1904 :

This is an appeal from the discharge of a rule to show cause why the suit should not be dismissed for want of jurisdiction, the alleged want of jurisdiction being based on an affidavit and plea that the same cause of action had been pleaded by plaintiff as a set-off in another suit between the parties which is still pending.    This is not good even as a plea of lis pendens, in abatement: Stroh v. Uhrich, 1 W. & S. 57 ; Gilmore v. Reed, 76 Pa. 462.    The discharge of the rule was in no view a final judgment from which an appeal would lie.

Appeal quashed.