## Griffiths's Estate.

*Weak-minded persons—Petition for appointment of guardian—Act of May 28, 1907, P. L. 292—Jurisdiction of court—Interlocutory order—Appeal.*

A refusal to dismiss a petition for the appointment of a guardian for a weak-minded person, on the ground of lack of jurisdiction, is an interlocutory order from which no appeal lies to the Superior Court.

296 GRIFFITHS'S ESTATE.

Statement of Facts—Opinion of the Court. [75 Pa. Superior Ct.

Argued December 17, 1920. Appeal, No. 6, Oct. T., 1920, by George Griffiths, from judgment of C. P. No. 4, Phila. Co., September T., 1920, No. 3476, in the matter of the petition for the appointment of a guardian of George Griffiths, alleged weak-minded person. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Appeal quashed.

Petition under Act of May 28, 1907, P. L. 292, for the appointment of a guardian of the estate of an alleged weak-minded person.

The facts are stated in the opinion of the Superior Court.

The respondent moved to dismiss the proceedings for want of jurisdiction. The court refused this petition and respondent appealed.

*Error assigned* was the order of the court refusing to dismiss the petition.

*Owen J. Roberts* and *Russell Duane,* for appellant.

*James Gay Gordon,* and with him *John R. K. Scott,* for appellee.

OPINION BY HEAD, J., December 22, 1920:

In order to make plain the exact question presented by this appeal and the motion to quash the same, a brief statement of the facts seems to be necessary.

A proceeding was begun in the Court of Common Pleas of Philadelphia County, under the provisions of the Act of May 28, 1907, P. L. 292. This proceeding had its inception in a petition filed in that court by Edith Marie Kurtz, in which she alleged that she was a niece of George Griffiths; that he, the said Griffiths, was a citizen of Pennsylvania and a resident of the City and County of Philadelphia, but was temporarily absent from the city undergoing medical treatment in Delaware

County. The petition further averred that said Griffiths was or had been the owner of considerable property, real and personal, and that he was feeble-minded, mentally defective and unable to take care of his property, etc. The petition prayed the court to adjudge the said George Griffiths unable to take care of his property and to appoint a guardian for his estate.

On the filing of this petition, September 30, 1920, the court made an order fixing a time and place for a hearing, and directed that the said George Griffiths be brought into court, if that could be done with safety to himself.

Counsel were retained by the said Griffiths to contest the matters set up in the petition, and first and chiefly the allegation that he was at the time a resident of the City and County of Philadelphia, for the purpose of challenging the jurisdiction of the court, which by the terms of the statute was lodged in the court of common pleas of the county in which the alleged weak-minded person resided. A special appearance de bene esse was entered and this was followed by the filing of a petition signed and sworn to by the said George Griffiths averring that he was and had been for a considerable time a resident of the County of Delaware, and because of such residence the Court of Common Pleas of Philadelphia County was without jurisdiction to inquire either into his mental condition or the manner in which he had been managing his own property. The prayer of his petition was that the entire proceeding be dismissed for lack of jurisdiction.

In support of this petition a large number of witnesses testified as to the mental condition of Mr. Griffiths and his ability to handle and control his own affairs. This testimony was delivered by physicians, lawyers and others, quite competent to testify, and we suppose no one could deny that their testimony was strongly convincing. At its conclusion the learned court below was asked to dismiss the entire proceeding for want of juris-

diction. The learned judge was of the opinion that before he should be required to decide the question of jurisdiction, he was entitled to proceed to take further evidence on the original petition because, as he declared, the question of the mental condition of Mr. Griffiths so largely and so necessarily entered into the question whether or not he was competent to make a change of residence from the City of Philadelphia, where he had long resided, to the County of Delaware, where he was and had been living for a considerable time prior to the institution of this suit. He therefore declined either to grant the prayer of the petition to dismiss or to refuse it, and proceeded to take further testimony, "subject to the petition filed on behalf of George Griffiths to dismiss for want of jurisdiction." Thereupon the present appeal was taken.

A motion to quash was presented and urged upon the court because section 8 of the Act of 1907 referred to declares, "Any person aggrieved by the final decree of the court of common pleas may within three months ......appeal to the Superior Court of the state, and such court may confirm, reverse, etc." Upon consideration of this motion, the majority of the judges who heard the case are of opinion that the motion must be granted and the appeal quashed. It appears to us that if hereafter the learned court below, after a full hearing of all the testimony, should reach the conclusion that it had jurisdiction and that a decree should be made adjudging the respondent to be feeble-minded, etc., and appointing a guardian of his estate as prayed for, the respondent would have a clear right to appeal from such decree. As that decree would involve a determination by the court of common pleas that the respondent was a resident of the County of Philadelphia, the consideration of the appeal from the final decree would necessarily involve again the same matters raised by this appeal and they could not be denied consideration on the theory that the question of residence was res adjudicata. We

may agree that the course taken by counsel for the respondent finds strong support in the recent cases of McCullough v. Railway Association, 225 Pa. 118; Sweaker v. Reynolds, 246 Pa. 197; Fries v. Wiser, 62 Pa. Superior Ct. 218; Taylor v. Sears, 63 Pa. Superior Ct. 564; Vandersloot v. Water Co., 259 Pa. 99, and the older case of Bradley v. Potts, 155 Pa. 418. If the learned judge below had finally and definitely refused the petition of the respondent praying that he dismiss the proceeding, these cases would strongly support the conclusion that such order was a final decree within the meaning of the statute we have quoted, but as the record stands, the majority of the judges hearing the case have determined the appeal must be quashed. In making this order we feel it proper to say that all of the judges who heard the case are of opinion that the question of jurisdiction is a preliminary one and should be fully heard and determined before the court undertakes to go into the many questions that might be involved in a consideration of the original petition upon its merits, but which ought not to have a place in the record until the question of the jurisdiction of the court has been fully considered and determined. We are prompted to the speedy disposition of this case and to make the foregoing statement of our views as to the manner in which the learned court below should further proceed by the facts that the respondent is now approaching eighty years of age, is totally blind and is in a physical condition which would seem to make it likely that such health and strength as are left to him might be much impaired by any undue lengthening of the proceedings.

The appeal is quashed.