## Frank P. Miller Paper Co. *v.* Keystone Coal & Coke Co., Appellant.

*Appeals—Interlocutory judgment—Jurisdiction—Service on corporation—Judgment on verdict on preliminary trial—Waiver—Exception—Practice, C. P.—Acts of May 20, 1891, P. L. 101, and April 22, 1905, P. L. 286.*

1. Interlocutory judgments are such as are given in the middle of a cause, upon some plea, or proceeding, or default, which is only intermediate, and does not finally determine or complete the suit.

2. A final judgment is such as at once puts an end to the action by determining that the plaintiff is, or is not, entitled to recover, and, if the former, the amount in debt or damages to be received.

3. Rulings by the court below are not to be reversed in parts but all alleged errors will be considered at the end of the proceeding.

4. Where a corporation files an affidavit of defense denying the plaintiff's claim on the merits, and also denying a proper service of the writ by the sheriff, it is correct practice to enter an order directing a preliminary trial on the question of jurisdiction, but a judgment on a verdict for plaintiff on such a trial, is an interlocutory judgment from which no appeal lies until the final disposition of the case upon the merits.

5. The Act of April 22, 1905, P. L. 286, allowing appeals from refusal of judgment n. o. v. does not apply to such a case; nor does the Act of May 20, 1891, P. L. 101, allowing review from a refusal to strike off a judgment, "whether entered by confession, or upon warrant of attorney, or otherwise."

6. The upholding of the jurisdiction in such case cannot be construed as final to the defendant, on the theory that his proceeding

upon the merits will constitute a waiver of his complaint as to service.

7. If a defendant proceeds on the merits, without exceptions to the rulings of the court on his objection to the jurisdiction, and takes steps inconsistent therewith by entering a general appearance, he waives his complaint as to the jurisdiction; but if he excepts to the preliminary decree and files his affidavit of defense only as compelled and directed by the court, the contrary is true.

8. The objection must be consistently pressed, or an acceptance of jurisdiction will follow.

Mr. Justice SCHAFFER dissented.

Argued April 18, 1922.   Appeal, No. 285, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T. 1917, No. 2857, on verdict for plaintiff, in case of Frank P. Miller Paper Co. v. Keystone Coal & Coke Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Appeal quashed.

Motion to quash appeal.

Issue to determine validity of service of writ of summons on defendant.   Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was order overruling defendant's motion for judgment n. o. v., quoting the record.

*Chester N. Farr, Jr.,* with him *William S. Rial* and *Albert B. Weimer,* for appellant.

*Ralph B. Evans,* for appellee.

OPINION BY MR. JUSTICE SADLER, June 24, 1922:

Plaintiff brought suit in Philadelphia County against the defendant, whose principal place of business was in Westmoreland, though it maintained a sales force in the former, occupying a leased office.   It owned the

furniture contained therein, and kept a small local bank account for current expenses. Contracts secured were handled through the employees, and, when approved, were delivered by this agency to the purchasers of coal, in which commodity it dealt. The summons in assumpsit in the present case was duly issued, and the return of the sheriff showed service upon the defendant "by handing personally, January 14, 1918, a true and attested copy of the within writ, at Juniper and Chestnut streets, in the County of Philadelphia, State of Pennsylvania, the place of business of said defendant company, to M. T. Dean, the person for the time-being in charge thereof." Upon motion, supported by depositions, the trial court set aside the service, finding that the corporate property of defendant was not situated in whole or in part in the county where the process issued, and that it transacted no substantial part of its business therein. From the order making absolute the rule to set aside the service, which was a final decree (Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453), in that the door was thus closed to further proceeding by the plaintiff, an appeal was taken. A reversal was had (Miller Paper Co. v. Keystone Coal & Coke Co., 267 Pa. 180), this court holding that the question of jurisdiction, under the circumstances presented, must necessarily be raised, since the Act of 1915 (May 14, P. L. 483), by affidavit of defense; and such pleading was subsequently filed denying the right to maintain the suit in Philadelphia County, and also answering the contention of the plaintiff on the merits. At the same time, upon petition, an order was made directing a preliminary trial on the question of jurisdiction,—a proper practice: Daley v. Iselin, 212 Pa. 279. See also Griffiths's Est., 75 Pa. Superior Ct. 295, 299. After hearing, a verdict was rendered for the plaintiff. From the refusal to enter judgment non obstante veredicto, this appeal is taken.

Our first consideration must be given to the motion made to quash the proceeding on the ground that the

order complained of is interlocutory. If the judgment is not a final one, then the position of the appellee must be sustained, for, no review can be had until the termination of the particular litigation, unless by force of some statutory provision. "Interlocutory judgments are such as are given in the middle of a cause, upon some plea, or proceeding, or default, which in only intermediate, and does not finally determine or complete the suit, . . . . . . and most usually [refer to] those incomplete judgments whereby the right of the party is, indeed, established, but the quantum of damages sustained by him is not ascertained": 3 Blackstone 396; Holden's Adm. v. M'Makin, 1 Pars. 270, 288. "A final judgment is such as at once puts an end to the action, by determining that the plaintiff is, or is not, entitled to recover, and [if the former] the amount in debt or damages to be recovered": Mahoning County Bank's App., 32 Pa. 158, 160.

Rulings of the court below are not to be reviewed in parts, but all alleged errors will be considered at the end of the proceeding. Temporary hardships may be worked by such requirement, as a correct determination of some intermediate question raised might relieve from further action, necessary for the protection of the litigant's rights. This has been recognized in certain cases, as by permitting an appeal where an order to account is contested,—review being now allowed before the actual stating of it (Act March 30, 1921, P. L. 60, amending Act June 24, 1895, P. L. 243,—for the previous rule, see Miller v. Belmont P. & R. Co., 268 Pa. 51) ; from refusal to enter judgment for want of a sufficient affidavit of defense (Act April 18, 1874, P. L. 64) ; and where the court has permitted a judgment to be opened. Act May 20, 1891, P. L. 101. But these, and like cases, are statutory exceptions, and do not modify the general principle, denying appeals from interlocutory orders.

It is urged that the refusal of judgment non obstante veredicto, after finding for the plaintiff on the preliminary issue, makes applicable the provisions of the Act of

April 22, 1905, P. L. 286, which permits appeals when such action appears. This legislation refers only to decrees based "upon the whole record," which necessarily cannot be entered until the proceeding has terminated, and is to be taken, "as in other cases," after a final judgment. Such a situation is not found in the case at bar. Nor is appellant aided by the Act of May 20, 1891, P. L. 101, allowing review from a refusal to strike off a judgment "whether entered by confession, upon warrant of attorney, or otherwise." No such order here appears, but merely a direction to proceed with the trial on the merits, as would be required where a statutory demurrer to a statement of claim is overruled: Shifferstine v. Sitler, 264 Pa. 290.

Unless there is some legislative mandate to the contrary, a review must await the determination of the suit, though inconvenience to a party may result. This has been frequently held by our court. Thus, the correctness of a ruling dismissing a statutory demurrer must await the entry of a final judgment (Com. v. Moran, 251 Pa. 477), and the same is true when like pleading is involved in an equity proceeding (Stuchul v. Stuchul, 233 Pa. 229; Arnold v. Russell Car & Snow Plow Co., 212 Pa. 303), or criminal case (Com. v. Weber, 63 Pa. Superior Ct. 75); and in cases similar to the one at bar, where there has been a refusal to set aside service, on motion: Platt v. Belsena Coal Mining Co., 191 Pa. 215; Price v. Davis Coal & Coke Co., 208 Pa. 395; P. & R. R. R. Co. v. Snowdon, 161 Pa. 201; Griffiths's Est., 75 Pa. Superior Ct. 295.

Again, it is insisted that the upholding of the jurisdiction is final as to the defendant, since his proceeding upon the merits will constitute a waiver of his complaint as to service. It has been said that such a result will follow where, after a refusal to set aside, a voluntary continuance of the proceeding by the defendant appears: McCullough v. Ry. Mail Assn., 225 Pa. 118; Swecker v. Reynolds, 246 Pa. 197. It is to be observed that in these

and like cases, where it is declared that the defendant must rest on his original objection, it is not suggested that the review may be had until the entry of the final judgment.

The proper rule would seem to be that if a defendant proceeds on the merits, without exceptions to the ruling of the court on his objection to the jurisdiction, and takes steps inconsistent therewith by entering a general appearance, he waives his complaint as to the jurisdiction (1 C. J. 44); but if he excepts to the preliminary decree and files his affidavit of defense only as compelled and directed by the court, the contrary is true. This is what was said in effect by our court in Coleman's App., 75 Pa. 441, 460: "The other questions in the cause may be very briefly disposed of. Walton Dwight having been served with process according to the order of the court, moved the court to vacate and strike off the order of service, and to set aside the service made upon him in pursuance thereof. This motion was refused by the court in Lycoming County. He then appeared de bene esse, reserving all exceptions to the order and service. When compelled by rule to answer, he did so, under the same special exception. It is clear that he could not appeal from the interlocutory order of the court, refusing his first motion, and it is equally clear that any and every step which he might afterwards take for his own benefit or security in the course of the proceedings cannot estop or preclude him from setting up the want of jurisdiction at any stage. It was an objection which lay at the foundation of the whole case, and if it had gone on to a final decree either in Lycoming or Tioga County, the same question would have been open upon an appeal to this court." This power to preserve the right to review by refusing to take any additional step except under order of court is recognized in Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354,—a case cited as authority in McCullough v. Railway Mail Assn., supra. There, it appeared two appeals were taken, one

from a dismissal of a motion to set aside the service, and the other from the final decree. The first was dismissed as premature, but the complaint made was considered on the hearing of the second, though unavailing, since certain voluntary steps had been taken by the defendant after the refusal to dismiss. Of course, the objection must be consistently pressed, or an acceptance of jurisdiction will follow: Stamey v. Barkley, 211 Pa. 313; Lytle v. M'Cune, 20 Pa. Superior Ct. 594.

We are not unmindful of the decision in Vandersloot v. Pa. W. & P. Co., 259 Pa. 99, followed in Bird v. Sleppy, 265 Pa. 295, where it appeared upon the face of the equity pleadings that the court below had improperly sustained a service upon a nonresident under the Act of April 6, 1859, P. L. 389, and its action was set aside, but those cases must rest upon their own facts, and a like situation is not presented here.

Whether the rights of defendant are lost or not by proceeding involuntarily by direction of the court, the decisions on the law side are uniform in holding that the review cannot be had until a final judgment has been entered. It follows that the present appeal must be dismissed.

The appeal is quashed.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER:

The defendant is a coal mining company located in the County of Westmoreland. It has a sales agent in Philadelphia, who there occupies an office. He solicits and takes orders for some of the coal which the defendant mines. The writ in this case was served upon him. I would hold, under these circumstances, the defendant is not within the jurisdiction of the courts of Philadelphia County and cannot there be sued. I would further hold, where service is made upon a corporation, and it denies the jurisdiction of the court issuing the process, and the court decides it has jurisdiction, that this is an appealable order, and not interlocutory, and that the

defendant should not be required to come into the jurisdiction and present its defense on the merits and be denied the right to raise the question of service and jurisdiction until after trial. For these reasons, I dissent from the view of the majority of the court.