## Buckman *v.* Somers, Appellant.

*Real estate—Foreign attachment—Sheriff's return—Sufficiency.*

Where real estate is attached under a writ of foreign attachment, it is the duty of the sheriff to make return that he left a copy of the writ with the tenant or other person in actual possession "holding under the defendant in the attachment" and summoned him as garnishee.

The directions of the statue are mandatory and must be strictly pursued. A return of the sheriff which does not set forth these facts is insufficient and under such circumstances the writ will be set aside.

Where on motion by the defendant to set aside the sheriff's return for the foregoing reason the plaintiff requested that the sheriff be permitted to amend his return so as, to conform with the statutory requirements, but the request was not granted because the return was held sufficient, on reversing the court below, opportunity will be given the sheriff to amend his return to conform with the Act of June 13, 1836, P. L. 568, 581.

Argued November 20, 1922. Appeal, No. 220, Oct. T., 1922, by defendant, from judgment of C. P. Bucks County, Oct. T., 1919, No. 17, dismissing rule to strike off judgment in the case of J. Hibbs Buckman v. Margaret E. Somers. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for rule to show cause why judgment and assessment of damages should not be stricken off; why the

378        BUCKMAN *v.* SOMERS, Appellant.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

return of service of the writ of foreign-attachment should not be set aside; and why the writ of attachment should not be quashed.   Before RYAN, P. J.

The opinion of the Superior Court states the case.

The court entered the following decree:

"And now, to wit, February 20, 1922, the rule is discharged so far as it is a rule to show cause why the writ should not be quashed and the attachment dissolved, so far as it is a rule to show cause why the judgment should not be stricken off, it is made absolute."

Defendant appealed.

*Error assigned* was the decree of the court.

*Harman Yerkes* and with him *Wm. R. Stuckert,* for appellant, cited: Hayes v. Gillespie, 35 Pa. 155; Bryan v. Trout, Admr., etc., 90 Pa. 492; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187.

*Calvin S. Boyer,* and with him *Isaac J. Van Artsdalen,* for appellee, cited: Maris v. Schermerhorn, 3 Wharton's Reports 13; First National Bank of Omaha v. Crosby, 179 Pa. 63; Mehalick v. Tomshe, 28 Dist. Reports 874.

OPINION BY KELLER, J., March 2, 1923:

A writ of foreign attachment in assumpsit was issued on behalf of the plaintiff against the defendant and by virtue thereof the sheriff returned that, in the presence of two witnesses, he had attached certain real estate, fully described in the schedule thereto attached and filed in the prothonotary's office, and summoned Harvey E. Scott, tenant in possession as garnishee.   The defendant entered an appearance de bene esse and moved to quash the writ and dissolve the attachment on the ground that the return of the sheriff did not show that "Harvey E. Scott, tenant in possession," who was summoned as garnishee, held said real estate "under the defendant in the attachment" nor that a copy of the writ had been left

with him.   The court held the return sufficient and discharged the rule.   Judgment was subsequently entered against the defendant for default of appearance.

The Act of June 13, 1836, P. L. 568, relating to the commencement of personal actions, provides in section 49, p. 581: "In the case of real estate, the attachment shall be executed as follows: I. If the attachment be levied on houses, other buildings, or lands, it shall be the duty of the sheriff to leave a copy of the writ with the tenant, or other person in actual possession, holding under the defendant in the attachment, and to summon him as garnishee."   Provision is made in a subsequent paragraph for the service of the writ by advertisement in case there be no such person in actual possession.

The directions of the statute are mandatory and must be strictly pursued: Sterrett v. Howarth, 76 Pa. 438, 440; Hayes v. Gillespie, 35 Pa. 155; Vandergrift & Forman's App., 83 Pa. 126, 130; Bryan v. Trout, Admr., 90 Pa. 492, 493.   In Lambert v. Challis (reported in 35 Pa. 156) Judge SHARSWOOD, then on the District Court of Philadelphia, said: "In the return, in the case before us, the sheriff does not state that the tenant in possession holds under the defendant. It is only such a tenant that the act recognizes as garnishee; the tenant spoken of in section 66, is evidently the tenant spoke of in section 49. The return to the writ, therefore, is defective, in not stating a material fact, and the proceeding irregular."

The reason is obvious, for the tenant served may hold otherwise than under the defendant in the attachment: Hayes v. Gillespie, supra; and the return must, therefore, be specific in order to bind defendant's interest in the land.

In his answer to defendant's rule the plaintiff alleged that the tenant in possession, who had been summoned as garnishee, did, in fact, hold under the defendant and that the sheriff intended so to return in accordance with the facts, and asked, if the court should be of the opinion that the return was insufficient, that an amended return

380      BUCKMAN v. SOMERS, Appellant.

might be filed by the sheriff to conform with the facts.
The court took no action upon this request because the
return was held sufficient. The plaintiff, of course, had
no power to amend the return. The sheriff made it and
any amendment of it had to be made by him. The plain-
tiff's request was probably made, however, with the ac-
quiescence of the sheriff. If the sheriff actually complied
with the requirements of section 49 of the Act of 1836
and left a copy of the writ with Harvey E. Scott, and the
latter held possession of the attached premises as ten-
ant under the defendant, it would have been proper
under our liberal amendment statutes and practice to
have permitted the sheriff to amend his return to con-
form with the facts: Maris v. Schermerhorn, 3 Wharton
13; First National Bank of Omaha v. Crosby, 179 Pa.
63. And on reversal of the court's action as to the suf-
ficiency of the return, we may permit to be done now
what might properly have been done then. But the judg-
ment entered for default of appearance cannot stand.
Because the defendant chose to rely upon the insuffi-
ciency of the return it does not follow that she had no
defense on the merits and would not have presented it
had the sheriff's return been in accordance with the stat-
ute.

Plaintiff's motion to quash the appeal cannot be sus-
tained. Defendant did not take her appeal until final
judgment for want of an appearance had been entered.
She could then assign as error the refusal of the court to
dissolve the attachment and quash the writ so far as it
affected the real estate attached: Bryan v. Trout, Admr.,
supra; Frick & Lindsay Co. v. Md., Pa., etc., Co., 44 Pa.
Superior Ct. 519; Miller Paper Co. v. Keystone C. & C.
Co., 275 Pa. 40, p. 44.

The assignment of error is sustained; the judgment
is reversed; and the record is remitted to the court be-
low with instructions to set aside the service of the at-
tachment, as respects the real estate attached, unless
the sheriff within ten days from the return of the record,

moves the court to amend his return so as to conform with the requirements of section 49 of the Act of 1836, supra; and, if so amended, that the action be proceeded with in due course.