## Airston v. Bollinger et ux.

*Foreign attachment—Affidavit—Information and belief—Tort—Motion to quash—Service of writ—Failure to advertise—Act of June 13, 1836.*

1. Where the facts were peculiarly within the knowledge of the plaintiff, but the affidavit was made on "information and belief," a rule to quash a foreign attachment for damages for a tort committed in Pennsylvania by the wrongful detention of plaintiff's four-year-old daughter was made absolute.

2. Plaintiff is required to make a straightforward affidavit as to the truth of the allegations where the facts are within his knowledge.

3. Plaintiff must state the facts explicitly in positive language.

4. Where the return showed that there was no one in possession of defendant's real estate at the time of the service of the writ and the sheriff failed to observe the requirement of the Act of June 13, 1836, P. L. 572, providing for advertisement of a copy of the writ in one newspaper for a period of six weeks, the writ was quashed.

Foreign attachment. C. P. Allegheny Co., Oct. T., 1924, No. 2444.

Before Macfarlane and Drew, JJ.

*Sidney J. Watts,* for plaintiff.

*Thorp, Bostwick, Stewart & Reed,* for defendants.

DREW, J.—This is a proceeding in foreign attachment under the provisions of the Act of June 13, 1836, P. L. 572, and its supplements, for damages for a tort committed in this Commonwealth. The alleged tort is the wrongful detention and abduction of the plaintiff's four-year-old daughter. The defendants are the grandparents of the child.

The case is now before us on a rule to quash the writ and dissolve the attachment for the reasons, *inter alia,* that

6. The affidavit, being upon information and belief, is insufficient.

7. The sheriff's return shows that there was no person in possession of the premises at the time of the service of the writ, and the record fails to show a publication as required by the Act of 1836.

The statement of claim, signed by plaintiff's attorney of record, says that defendants were formerly residents of this county, and after the commission of the alleged tort removed to Florida, and later from Florida to an unknown place "to escape the service of process to answer the said tort." That on March 16, 1920, there was born to plaintiff and his wife a daughter, that the mother of the child died on April 6, 1920, and the defendants received the child on April 7, 1920. That the transfer of the custody of the child was with the consent of the plaintiff, but was temporary in nature, to continue only until plaintiff requested the return of the said child into his own custody. That in August, 1922, plaintiff requested and demanded a return of the child, which was refused by defendants.

The affidavit attached to the statement of claim is made by the plaintiff, and is as follows: "Alexander J. Airston, being duly sworn according to law, deposes and says that the facts set forth in the foregoing statement of claim are true and correct, as he is informed, verily believes and expects to be able to prove upon the trial of this case; affiant further says that, as he verily

believes, the defendants, Sidney W. Bollinger and Elizabeth J. Bollinger, his wife, have removed from the jurisdiction of this court and from the State of Pennsylvania to escape service of process to answer for the tort set forth and described in the foregoing statement of claim; affiant further says that the facts set forth in the foregoing statement of claim are those upon which the attachment in this case is founded."

This affidavit is made on "information and belief," based upon facts alleged in the statement of claim. Those facts are peculiarly within the knowledge of the plaintiff, and he should have and is required to make a straightforward affidavit to their truth, the basis of his right to a foreign attachment. Such an affidavit should be explicit and state in positive language and with due particularity the circumstances constituting the grounds of the plaintiff's demand. It stands upon the same footing as an affidavit to hold to bail and is subject to the same rules. In McLennan v. Public Utilities Construction Co., 245 Pa. 567, the Supreme Court said: "The rule to show cause why the foreign attachment issued in this case should not be dissolved was made absolute for the reason that the affidavits to the cause of action were not positive. As early as 1789 it was decided in Miltenberger v. Lloyd, 2 Dallas, 79, that foreign attachments would be dissolved if, under the same circumstances, in the case of a *capias*, common bail would be ordered. In Jacoby v. Gogell, 5 Sergeant & Rawle, 450, it was held that it was not sufficient for a plaintiff in a foreign attachment to swear to facts from which a jury might or might not infer a contract, and that the oath must be positive as to the making of the contract or to facts from which a contract would be necessarily implied. In Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60, it was said by Rice, P. J., that 'Upon a rule to show cause of action a positive affidavit must be filed, such as would, if false, subject the affiant to indictment for perjury; therefore, the plaintiff's unsworn statement of claim will not be looked to by the court to supply fatal omissions from the affidavit.' Whether a supplemental affidavit should be considered by the court on the hearing of a rule to show cause of action it is unnecessary to consider, since the one offered was no more positive than the original. The averment in each as to the cause of action was to the truth of the facts set forth 'to the best of deponent's knowledge and belief.'"

In Jacoby v. Gogell, 5 Sergeant & Rawle, 450, our Supreme Court said: "The plaintiff in this case has not sworn positively to a contract, but he has sworn to certain facts from which, perhaps, a jury might infer a contract, and perhaps not. We do not think that sufficient. The plaintiff has sworn cautiously, for which he is to be commended; but if, in his own opinion, the case was so doubtful that he could not swear to a contract, or to such facts as would necessarily imply a contract, the court cannot help him out."

The rule, therefore, seems to be that a party must make affidavit to facts within his knowledge absolutely, or, if he relies upon information, he may allege the facts upon information and belief, together with an averment of his expectation to prove them. It is only where the party making the affidavit does not have personal knowledge of the facts that he is permitted to make an affidavit based upon information and belief. Applying the rule of law to the present case, it appears to us that this affidavit is clearly insufficient.

The act upon which this proceeding is founded (Act of June 13, 1836, P. L. 580) provides that in case there be no person in actual possession of the real estate attached, the sheriff shall publish a copy of the writ for six weeks in one newspaper printed in the county. The sheriff's return in this case

Airston v. Bollinger et ux.

shows that there was no one in possession of the real estate, and does not show that the writ was advertised. It is also admitted by plaintiff's counsel that there was no advertising. In Sterrett v. Howarth, 76 Pa. 438, the Supreme Court said: "In a direct proceeding to set aside a foreign attachment, the court will quash or reverse when the sheriff has omitted to return a service on a person in possession of the land attached or to make publication according to law if the possession be vacant."

And in Buckman v. Somers, 80 Pa. Superior Ct. 377, the court said:

"The Act of June 13, 1836, P. L. 572, relating to the commencement of personal actions, provides, in section 49, page 581: 'In the case of real estate, the attachment shall be executed as follows: 1. If the attachment be levied on houses, other buildings or lands, it shall be the duty of the sheriff to leave a copy of the writ with the tenant or other person in actual possession holding under the defendant in the attachment and to summon him as garnishee.' Provision is made in a subsequent paragraph for the service of the writ by advertisement in case there be no such person in actual possession.

"The directions of the statute are mandatory and must be strictly pursued: Sterrett v. Howarth, 76 Pa. 438, 440; Hayes v. Gillespie, 35 Pa. 155; Vandergrift & Forman's Appeal, 83 Pa. 126, 130; Bryan v. Trout, Admin'r, 90 Pa. 492, 493."

We are satisfied that the failure of the sheriff to advertise the writ as required by law is fatal.

For these reasons this rule must be made absolute.

*Order.*—And now, March 11, 1925, rule absolute, writ quashed and attachment dissolved.

From William J. Aiken, Pittsburgh, Pa.