## Knepp v. Elder et al.

*Robert Stuckenrath*, for plaintiff.
*Paul E. Fetterolf*, for defendant.
*Paul S. Lehman*, for additional defendant.

UTTLEY, P. J., October 18, 1937.—This is a petition and proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended by the Act of May 22, 1935, P. L. 228, 12 PS §§831-846, for a declaratory judgment determining whether the foreign attachment and judgment of J. W. Barbour et al., for use of Dr. F. W. Black, against Harvey Friend and J. W. Witherow, partners, trading as The Southern Construction Company, defendants, and Dr. F. W. Black, garnishee, in the Court of Common Pleas of Mifflin County, to no. 139, May term, 1932, for $509.65, with interest from January 17, 1936, and costs, is a lien against the real estate described in the petition.

The petition is presented by Harry E. Knepp, plaintiff, through his counsel, and Kathryn Elder and Dr. F. W. Black, defendants, have appeared to the petition, waived issue and service of the rule thereon, and joined in the prayer for the declaratory judgment. From this state of the record, all the parties in interest being before the court, the facts set forth in the petition must be taken to be admitted, leaving only a question of law for the court.

### Findings of fact

1. The real estate in question, consisting of a lot of ground situate in the first ward of the Borough of Lewis-

town, Mifflin County, Pa., fronting 37 feet on the northwest side of West Fifth Street, bounded on the northeast by lands of Charles Peterson, on the northwest by a public alley, on the southwest by lands now or formerly of Mifflin County National Bank, and on the southeast by West Fifth Street, with a frame bungalow and other improvements thereon erected, more particularly described in the petition, is now owned by Harry E. Knepp, petitioner and plaintiff in this case.

2. Harry E. Knepp has entered into an agreement to sell the above-described premises to Kathryn Elder, one of the defendants, by deed in fee simple, conveying a good, marketable and legal title, free and clear of all encumbrances.

3. Harvey Friend and J. W. Witherow, partners, trading as The Southern Construction Company, owned the real estate above referred to and particularly described in the petition in this case, from March 28, 1930, to May 10, 1932.

4. On February 24, 1932, a writ of foreign attachment was issued at the instance of J. W. Barbour et al., against Harvey Friend and J. W. Witherow, partners, trading as The Southern Construction Company, defendants, and Dr. F. W. Black, garnishee, to no. 139, May term, 1932, to which the sheriff on February 26, 1932, made the following return:

"Served the within writ on the within named garnishee, Dr. F. W. Black at Lewistown, Mifflin County, Penna., on February 26, 1932, by handing to him personally a true and attested copy of the same and reading and making known to him the contents thereof. N. E. I. as to the defendants within named."

5. On June 29, 1932, a general appearance was entered for defendants, Harvey Friend and J. W. Witherow, partners, trading as The Southern Construction Company, by their attorney, Harry L. Siegel.

6. On January 31, 1935, plaintiff in said foreign attachment proceeding, no. 139, May term, 1932, obtained

judgment against Harvey Friend and J. W. Witherow, partners, trading as The Southern Construction Company, defendants, for $458.61.

7. J. W. Barbour et al., plaintiffs in foreign attachment no. 139, May term, 1932, having on February 5, 1935, after the entry of said judgment, issued a sci. fa. thereon against Dr. F. W. Black, garnishee, the jury on the trial thereof on January 17, 1936, rendered a verdict in favor of plaintiffs and against the garnishee for $509.65, and plaintiffs J. W. Barbour et al., after the refusal of a motion for a new trial, on December 9, 1936, entered judgment on said verdict against Dr. F. W. Black, garnishee, for $509.65, with interest from January 17, 1936.

8. On April 13, 1937, Dr. F. W. Black, garnishee, paid the judgment obtained by plaintiffs against him on the sci. fa. in said foreign attachment proceeding and took from J. W. Barbour et al., plaintiffs, an assignment thereof.

### Discussion

The sole question here is one of law, whether a foreign attachment, in which plaintiff has recovered judgment against defendant and against the garnishee, is a lien against real estate owned by defendant when the foreign attachment was issued but aliened by defendant before said judgments were recovered, where the return of the sheriff to the writ of foreign attachment fails to show that such real estate was attached by him in the execution of the writ, or that the person served as garnishee was the tenant in possession of said real estate, holding under defendant, and makes no reference to any real estate, and no description of said real estate was filed by the sheriff in the office of the prothonotary according to law.

The judgment recovered by plaintiff against defendant on January 31, 1935, for $458.61, could not of itself be a lien against the real estate in question because it was recovered and entered after defendant had sold and conveyed the same, and when he was no longer the owner thereof.

If, therefore, the judgment in this proceeding is a lien upon this real estate it must be by virtue of the writ of foreign attachment. While defendants were no longer the owners of this real estate when the judgment against them was recovered, they were the owners thereof when the writ of foreign attachment was issued, and under the provisions of the Act of June 13, 1836, P. L. 568, this real estate could have been attached upon said writ and made subject to the lien thereof. Foreign attachment, however, is a statutory remedy, a proceeding in rem, to seize the assets of a foreign debtor and hold the same to await the outcome of the action against him. Being a statutory remedy, the procedure specified in the act authorizing it must be strictly complied with to make it effective.

The relevant sections of the Act of June 13, 1836, supra, read as follows:

"Section 49. In the case of real estate, the attachment shall be executed as follows:

"I. If the attachment be levied on houses, other buildings, or lands, it shall be the duty of the sheriff to leave a copy of the writ with the tenant, or other person in actual possession, holding under the defendant in the attachment, and to summon him as garnishee.

"II. If there be no person in actual possession as aforesaid, the sheriff shall publish a copy of the writ, for six weeks, in one newspaper printed in the county, if there be one, otherwise in one newspaper published nearest to the land attached, and such writ shall also be published in one or more newspapers in the city of Philadelphia, or elsewhere, as the court, if in session, or a judge thereof, in vacation at the time of issuing the same, having reference to the supposed place of residence of the defendant, shall direct. . . .

"Section 51. Every writ of attachment executed upon real estate, shall bind the same as against purchasers and mortgagees, from the time of the execution thereof, and it shall be the duty of the sheriff to file in the office of the prothonotary of the court, a description of the property

attached, within five days after he shall have made the attachment, which description shall be entered by the prothonotary upon his docket, and the names of the parties, with the date of the execution of the writ, and the amount of bail required, shall also be entered by him upon his judgment docket."

It has been repeatedly held that the directions of the above statute are mandatory and must be strictly construed. Where the sheriff in a foreign attachment proceeding attaches real estate he must state the name of the tenant in possession holding under defendant in the attachment. The failure to do so makes the return defective in not stating a material fact, and the proceeding irregular: Hayes v. Gillespie, 35 Pa. 155; Sterrett et al. v. Howarth et al., 76 Pa. 438; Vandergrift & Forman's Appeal, 83 Pa. 126, 130; Bryan v. Trout, Admr., 90 Pa. 492, 493; Buckman v. Somers, 80 Pa. Superior Ct. 377.

In the case at bar there is nothing to show that the real estate in question or any other real estate was ever attached. The return contains no reference to any real estate whatsoever. While the return does show a personal service upon Dr. F. W. Black, the garnishee, it is not even suggested that he was the tenant in possession of any real estate holding under defendant in the writ. In all of the cases above cited the real estate was actually attached by the sheriff, but his return was held to be fatally defective in not stating that the person served was the tenant in possession holding under defendant in the writ. Here, however, there was no real estate attached and no mention or suggestion that the person served was the tenant of the real estate in question. The return in this case was, therefore, more defective than the return in any of the cases cited.

It was essential also under section 51 of the Act of 1836, supra, for the sheriff to file in the office of the prothonotary a description of the real estate attached within five days after the attachment was made. This was not done

by the sheriff, and such failure of itself, even if the sheriff had attached the real estate in question, would have rendered the attachment void and of no effect.

We are unable to agree with the contention of the learned counsel for plaintiff that the entry of a general appearance for defendants, by Harry L. Siegel, their attorney, on June 29, 1932, after defendant had aliened the real estate in question, would make the foreign attachment and judgments entered thereon a lien on said real estate. The lien of a foreign attachment on real estate is statutory, the directions of the statute are mandatory, and to create the lien the directions must be strictly followed. The entry of a general appearance for defendants could not make the proceeding a lien on real estate.

There being nothing in the sheriff's return to show that he actually attached the real estate in question, or that the person on whom the writ was served was a tenant in possession of this real estate holding under defendants, and no description of any real estate attached having been filed with the prothonotary, the judgment in this case could not now be a lien upon the real estate described in the petition.

### Decree

Now, October 18, 1937, after argument and upon due consideration, the prayer of the petitioner is granted, the rule thereon is made absolute, and it is hereby adjudged and declared that the foreign attachment and judgment of J. W. Barbour and Mary B. Barbour, trading as Lewistown Floor Company, now for use of Dr. F. W. Black, against Harvey Friend and J. W. Witherow, partners, trading as The Southern Construction Company, and Dr. F. W. Black, garnishee, in the Court of Common Pleas of Mifflin County, no. 139, May term, 1932, is not a lien upon the real estate described in the petition for the declaratory judgment in this case, and said real estate is not subject to the lien or payment of said foreign attachment and judgment; costs of this proceeding to be paid by defendants.